JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

*Rct. 114177*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LINDA COY, Individually and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased; LUIS AYALA; ISELA RODRIGUEZ; LIBRADO AYALA, JR.; RUBEN RUIZ; and MAURICIO SALDANA

## DEFENDANTS

FORD MOTOR COMPANY AND GABRIEL DELGADO

**B-00-139**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**United States District Court**
**Southern District of Texas**
**FILED**

**SEP 07 2000**

**Michael N. Milby**
**Clerk of Court**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attached

ATTORNEYS (IF KNOWN)

See attached

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity jurisdiction 28 USC 1332; civil action for damages allegedly sustained in automobile accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE

DOCKET NUMBER

DATE
9/7/00

SIGNATURE OF ATTORNEY OF RECORD
Joseph A. R.

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## CONTINUATION OF CIVIL COVER SHEET –

### I.(c)  Attorneys:

ATTORNEYS FOR PLAINTIFF:

> Tony Martinez
> State Bar No. 13139000
> Martinez & Barrera, L.L.P.
> 1201 East Van Buren
> Brownsville, Texas 78520
> (956) 546-7159
> Fax (956) 544-0602
> Attorneys for Plaintiffs

ATTORNEYS FOR DEFENDANTS:

> Joseph A. (Tony) Rodriguez
> State Bar No. 17146600
> Federal Admissions No. 10107
> Eduardo Roberto Rodriguez
> State Bar No. 17144000
> Federal Admissions No. 1944
> Rodriguez, Colvin & Chaney, L.L.P.
> 1201 East Van Buren
> Post Office Box 2155
> Brownsville, Texas 78522
> (956) 542-7441
> Fax (956) 541-2170
> Attorneys for Defendant Ford Motor Company

> Jeffrey D. Roerig
> State Bar No. 17161700
> D. Alan Erwin, Jr.
> State Bar No. 06653020
> Roerig, Oliveira & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520
> (956) 542-5666
> Fax (956) 542-0016
> Attorneys for Defendant Gabriel Delgado

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 7 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA COY, Individually and On | * | |
| Behalf of the Estate of ORTENSIA G. | * | |
| LOPEZ, Deceased, LUIS AYALA; | * | |
| ISELA RODIGUEZ; LIBRADO AYALA | * | |
| JR.; RUBEN RUIZ; and MAURICIO | * | CIVIL ACTION NO. B-00-139 |
| SALDANA | * | |
| | * | |
| VS. | * | |
| | * | |
| FORD MOTOR COMPANY and | * | |
| GABRIEL DELGADO | * | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue previously filed in the 357th Judicial District Court of Willacy County, files this its Notice of Removal of the present cause from the 357th Judicial District Court of Willacy County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 357th Judicial District Court of Willacy County, Texas on March 7, 2000, when Plaintiffs' Original Petition was filed in Cause Number 00-88.   Plaintiff thereafter filed a First Amended Original Petition on May 2, 2000, with a Second Amended Original Petition being filed on August 11, 2000.   Copies of Plaintiffs' Original Petition, Plaintiffs' First Amended Original Petition, and Plaintiffs' Second Amended Original Petition are attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Ford Motor Company was served with a copy of the Plaintiffs' Original Petition through its registered agent, CT Corporation System March 17, 2000.   A

copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes. Defendant Gabriel Delgado was served with a copy of Plaintiffs' Original Petition on March 14, 2000.

3.     This is a civil action for damages and injuries allegedly incurred by Plaintiffs in an automobile accident on May 16, 1998. Plaintiffs allege that Ortensia G. Lopez, Ruben Ruiz, and Mauricio Saldana were passengers in a 1979 Ford Club Wagon Van owned by Defendant Gabriel Delgado, which veered to the left and rolled over. (¶III, Plaintiffs' Second Amended Petition.)    Plaintiffs allege causes of action for negligence, strict liability, breach of express and implied warranties, and gross negligence.

4.     Plaintiffs allege in Plaintiffs' Second Amended Original Petition that they are residents of Harris County, Texas. Plaintiffs are therefore citizens of Texas.

5.     Defendant Ford Motor Company is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Michigan.

6.     The only defendant in this matter who is not diverse from the named plaintiff is Gabriel Delgado, a resident of Harris County, Texas.    However, Plaintiffs' inclusion of Mr. Delgado cannot defeat diversity because he was fraudulently joined. It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants – defendants against whom relief is not seriously sought – must be ignored in assessing whether the "complete diversity" requirement of federal diversity jurisdiction is met. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon,* 150 F.R.D. 92, 94 (S.D. Tex. 1993) (same).

7.     The term "fraudulent joinder" is actually a misnomer because this jurisdictional doctrine does not generally require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, to establish that joinder is "fraudulent," a defendant must show that plaintiff cannot establish the alleged cause of action against the in-state defendant. *Id.* at 216.

8.     Defendant would show the Court that Plaintiffs cannot establish a cause of action against the in-state defendant in the case at bar. In Plaintiffs' responses to Defendant Ford's requests for admission, each Plaintiff first stated in response to Request for Admission No. 1 that he/she cannot admit or deny that Defendant Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit "pending further information." However, in responses to Requests for Admission No. 4 through 18, which requested Plaintiffs to either admit or deny that Defendant Delgado was negligent as to specific actions, Plaintiffs denied that Defendant Delgado was negligent. For example, Plaintiffs denied that Defendant Delgado was negligent in that he failed to control his vehicle, or that he failed to keep a proper lookout, or that he failed to maintain such a lookout as a person of ordinary prudence would have maintained under the same or similar circumstances, or that he failed to take proper action to prevent the accident, or that Delgado's negligence taken separately and/or jointly was the sole or proximate cause of the accident. (See Plaintiffs' responses to Defendant's Requests for Admission attached hereto as Exhibit "A".)

9.     Further, Defendant would show the Court that in their Second Amended Petition, Plaintiffs allege in Paragraph VII that "Defendant Gabriel Delgado **may** have been negligent in the operation of the vehicle, subject to the defect created in the vehicle which he was driving that was manufactured by Ford Motor Company."

Plaintiffs have therefore failed to even allege in their Petition that this alleged in-state defendant was negligent or that Plaintiffs have a cause of action against him.

10.     Therefore, despite Plaintiffs' inclusion of an in-state resident as an ostensible defendant for the clear and sole purpose of defeating diversity jurisdiction, there is complete diversity in this case under 28 U.S.C. §1332(a). *Cf. Grassi v. CIBA-GEIGY, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990) (the need for diversity jurisdiction "may well be greatest when the plaintiff tries hardest to defeat it") (citation omitted).

11.     For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

12.     Defendant would further show the Court that while Plaintiff has not set forth a specific amount of damages which he is seeking in Plaintiffs' Second Amended Original Petition, based on the injuries and damages alleged in Plaintiffs' pleadings, Plaintiffs are seeking to recover from Defendants damages in excess of $75,000.00.

13.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

14.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiffs' Second Amended Original Petition on Defendant and Plaintiffs' Responses to Defendant's Requests for Admission and within one year of the initial filing of the lawsuit.

15.     Defendant hereby requests a trial by jury.

16.     Defendant states that this removal is filed subject to and without waiving its Motion to Transfer Venue previously filed in the 357th Judicial District Court of Willacy County, Texas.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 357th Judicial District Court of Willacy County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Joseph A. (Tony) Rodriguez *by permission*
     Attorney-in-Charge                  *McFarland*
     State Bar No. 17146600
     Federal Admissions No. 10107
          Eduardo Roberto Rodriguez
     State Bar No. 17144000
     Federal Admissions No. 1944
     1201 East Van Buren
     Post Office Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Tony Martinez
> Martinez & Barrera, L.L.P.
> 1201 East Van Buren
> Brownsville, Texas 78520
> Attorneys for Plaintiffs
>
> Jeffrey D. Roerig
> D. Alan Erwin, Jr.
> Roerig, Oliveira & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520
> Attorneys for Defendant Gabriel Delgado

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 7th day of September, 2000.

Joseph A. (Tony) Rodriguez w/ permission
McFarland

Case 1:00-cv-00139   Document 1   Filed in TXSD on 09/07/2000   Page 9 of 76

# CIVIL DOCKET

## IN THE 357TH DISTRICT COURT

Case No. 00-88

FORM 16-04196, 16 SETS/JORDAN VER'S SERVICES AUSTIN TX 1-800-729-MART 0

| Number of Case | | | | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Month | Day | Year |
| 00-88 | | | | LINDA COY, ETAL. | MARTINEZ & BARRERA, L.L.P. TONY MARTINEZ 1201 E. VAN BUREN BROWNSVILLE, TEXAS | NEGLIGENCE | 3 | 7 | 00 |
| | | | | vs | | Jury Jun.Fee $30.00 plt. $30.00 deft. | | | |
| | FEE BOOK | | | | Plf. EDUARDO ROBERTO RODRIGUEZ P.O. BOX 2155 BROWNSVILLE, TEXAS 78522 | Paid by | | | |
| Vol. | Page | | | FORD MOTOR COMPANY AND GABRIEL DELGADO | | | | | |

DATE OF ORDERS

| Mo. | Day | Year | ORDERS OF COURT | Minute Book Vol. Page | PROCESS |
|---|---|---|---|---|---|

| | 10 | 00 | ORDER SETTING HEARING ON DEFT FORD MOTOR COMPANY'S ORIGINAL PETITION FILED | | |
| 4 | | 2000 | IS HEREBY SET FOR MAY 5,2000 @ 9:00 A.M. SIGNED FOR ENTRY. JUDGE BENJAMIN EURESTI/HR | | CITATION ISSUED 3/7/00 EXECUTED 3/16/00 |
| 4 | 12 | | Deft's Amended Order on Ford Motor Company's Motion To Transfer Venue is hereby reset to June 2, 2000 at 9:00 A.M. Benjamin Euresti/dc | | FILED 4/3/00 DEFENDANT FORD MOTOR COMPANY'S MOTION |
| 6 | 2 | 2000 | [handwritten] Ford by Agreement of all Parties Case to be Trans... Case to be Assigned Judge Marisela Rdz | | TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND FILED |

CITATION ISSUED 3/7/00 EXECUTED 3/16/00
FILED 4/3/00 DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER FILED
DEFENDANT'S ORIGINAL ANSWER FILED
4/3/00
DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND FILED
4/3/00
ORDER SETTING HEARING FILED 4-7-00
LETTER FROM RODRIGUEZ, COLVIN & CHANEY L.L.P. FILED 4/11/00
RULE 11 AGREEMENT FILED 5/11/00
PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION FILED 5-12-00
DEFENDANT FORD MOTOR COMPANY'S SUBMISSION OF EVIDENCE IN SUPPORT OF MOTION TO TRANSFER VENUE FILED 5/26/00
Defendant Ford Motor Company's Original Answer and Jury Demand in Response to plt's First Amended Original Petition Filed 6-2-00
LETTER FROM RODRIGUEZ, COLVIN & CHANEY FILED 6-23-00
23 Notices of Intention to Take Depositio on Written Questions filed 8-4-00
Plaintiffs Second Amended Original Peti-tion filed 8-14-00

[handwritten signature] Jeffrey D. Roerig for Deft. Delgado

Jury No.

VS. NO. _____

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | PROCESS |
|---|---|---|---|---|---|
| Mo. | Day | Year | | Vol. | Page | |

23 Notices of Intention to File Cross Questions Filed 8-15-00

23 AMENDED NOTICES OF INTENTION TO FILE CROSS QUESTIONS FILED 8-21-00

5 CERTIFICATIONS FILED 8-31-00

②

5:3700

CAUSE NO. __DO-88__

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY, AND ON | § | IN THE DISTRICT COURT OF |
| BEHALF OF THE ESTATE OF ORTENSIA | § | |
| G. LOPEZ, DECEASED, LUIS AYALA, | § | |
| ISELA RODRIGUEZ AND LEE AYALA, JR. | § | |
| AND RUBEN RUIZ | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY AND | § | 357th JUDICIAL DISTRICT |
| GABRIEL DELGADO | § | |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs, LINDA COY, INDIVIDUALLY, AND ON BEHALF OF THE

ESTATE OF ORTENSIA G. LOPEZ, LUIS AYALA, ISELA RODRIGÜEZ AND LEE AYALA, JR.,

AND RUBEN RUIZ, and file this Plaintiffs' Original Petition, complaining of FORD MOTOR

COMPANY and GABRIEL DELGADO, hereinafter referred to as Defendants, and for cause

of action show the following:

I.

The Plaintiffs are residents of Harris County, Texas. Ortensia G. Lopez is deceased,

and she is survived by her daughter, Linda Coy who is a resident of Harris County, Texas

and she initiates this action individually and on behalf of the estate of Ortensia G. Lopez,

together with other heirs, beneficiaries and representatives, as named above, against Ford

Motor Company and Gabriel Delgado. This action is also brought by Ruben Ruiz, who

suffered severe and extensive injuries as a direct and proximate result of the negligence of

1



F I L E
MAR - 7 2000
S.M. "Chago" Fonseca, Dist. Clerk, Willacy Co.
By _____ Dep

Ford Motor Company and Gabriel Delgado.  This action is also brought against Gabriel Delgado, the owner of the vehicle in question, whose negligence, actions and omissions constitute a proximate and producing cause of the death of Ortensia G. Lopez and the injuries suffered by Ruben Ruiz.

Defendant, FORD MOTOR COMPANY, is a Delaware Corporation qualified to do business in the State of Texas and may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant, GABRIEL DELGADO, is an individual residing in Houston, Texas and may be served with process at 7934 Ave. F, Houston, Texas 77012.

II.

Venue is proper in the County of Willacy in that this cause of action accrued in Willacy County.

III.

On or about the May 16, 1998, Ortensia G. Lopez and Ruben Ruiz were passengers in a 1979 Ford Club Wagon Van owned by Defendant, Gabriel Delgado.  On said date, at approximately 5:30 p.m. the vehicle in question was traveling south in the right lane on U.S. 77 in Raymondville, Texas.  The rear axle of the vehicle broke, detaching the right rear wheel from the vehicle causing it to veer to the left across the left lane into the median of U.S. 77 and roll over once finally landing right side up.  As a result of said accident, Ortensia G. Lopez was killed and Ruben Ruiz suffered severe and extensive injuries.  The incident made the basis of this lawsuit and the injuries and damages sustained by Plaintiffs were proximately caused by the negligence of Defendants.

2

IV.

While engaged in the manufacture and sale of cars, Defendant, Ford Motor Company manufactured and introduced the 1979 Ford Club Wagon Van, in which the Ortensia G. Lopez, deceased, and Ruben Ruiz were passengers.

V.

Defendant, Ford Motor Company and/or its servants, agents or representatives were negligent in the (a) manufacture of the automobile; and (b) the design of the automobile. Defendant, Ford Motor Company willfully failed to make the vehicle in question safe to drive thus resulting in the accident which was the proximate cause of Ortensia G. Lopez's death and Ruben Ruiz's injuries.

VI.

Defendant, Ford Motor Company further breached express and implied warranties by representing both expressly and impliedly that the 1979 Ford Club Wagon Van would be safe to drive; it was not. Defendant, Ford Motor Company failed to provide adequate and effective notice to the driver and information on the potential hazards. Said express and implied warranties were relied upon by Ortensia G. Lopez and Ruben Ruiz.

VII.

Defendant, Gabriel Delgado was negligent in the operation of the vehicle he was operating immediately preceding and at the time of the accident (a) in failing to control his vehicle; (b) in failing to keep a proper lookout; (c) in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances; and (d) in failing to take proper action to prevent the accident.

3

CVisPDF - www.texisi.com

## VIII.

As a direct proximate result of the negligence causing the aforesaid incident and damages, Ortensia G. Lopez died. Furthermore, it was necessary for Ruben Ruiz, to incur extensive medical and hospital services. The surviving family of Ortensia G. Lopez, who bring this suit, and Ruben Ruiz have suffered and endured mental suffering and anguish in the past and in all probability will continue to suffer in the future in a sum far in excess of the minimum jurisdictional amounts of this Court.

## IX.

Plaintiffs further show that the conduct of these Defendants, as herein described, was gross negligence. That is, it resulted from more than momentary thoughtlessness, inadvertence or error in judgment. It resulted from such an entire want of care as to establish that the act or omission was the result of actual indifference to the rights, safety or welfare of the person affected.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing hereof, Plaintiffs have their damages as hereinabove alleged against Defendants, together with all costs of court. Plaintiffs pray for such other and further relief to which they may be justly entitled to receive.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____

Tony Martinez
State Bar No. 13139000

4

546 S/O CITATION — GENERAL PERSONAL SERVICE
IN STATE — EITHER COURT (REV 1-88)

FOR SALE BY TEXAS COUNTY PRINTING & SERVICES
FORT WORTH, TEXAS - 1-800-792-8788

CLERK OF THE COURT

S.V. "CHAGO" FONSECA

WILLACY COUNTY COURT HOUSE 2ND FLOOR _____ Name

RAYMONDVILLE _____ TX _____ 78580 _____ Address

ATTORNEY FOR . 'INTIFF OR PLAINTIFF

TONY MARTINEZ

1201 E. VAN BUREN _____ Name

BROWNSVILLE _____ TX _____ 78520 _____ Address

DELIVERED BY

DATE _____ 3/7/00

THE STATE OF TEXAS

# CITATION

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgement may be taken against you."

TO  FORD MOTOR COMPANY, BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEMS

350 N. ST. PAUL STREET, DALLAS, TEXAS  75201 _____ Defendant, Greeting:

ORIGINAL PETITION

You are hereby commanded to appear by filing a written answer to the Plaintiff's_____

_____Petition at or before ten o'clock A.M. of the

Monday next after the expiration of twenty days after the date of service of this citation before the Honorable

357TH _____ WILLACY

_____Court of_____County, Texas at the

RAYMONDVILLE

Court House of said County in_____, Texas. Said Petition was

filed on the 7TH _____ day of MARCH _____ A.D. 19 ** 2000 _____, in this case, numbered 00-88 _____

on the docket of said court, and styled,

LINDA COY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ORTENSIA G. LOPEZ, DECEASED

~~LUIS AYALA, ISELA RODRIGUEZ AND LEE AYALA, JR. AND RUBEN RUIZ~~ _____ Plaintiff.

VS.  FORD MOTOR COMPANY AND GABRIEL DELGADO _____ Defendant,

ORIGINAL PETITION

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's_____

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office, this the 7TH _____day of MARCH _____, 19 ** 2000 .

S.V. "CHAGO" FONSECA

357TH _____ WILLACY

_____Clerk of _____ County, Texas

By _____ Deputy.

**OFFICER'S RETURN**

Came to hand on the_____day of_____, 19_____, at_____o'clock_____, M.

Executed at_____, within the County of_____at_____o'clock_____, M.

on the_____day of_____, 19___, by delivering to the within named_____

_____

_____each, in person,

a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

DELIVERED BY PROFESSION'

DELIVERED THIS _____ DAY OF _____

BY_____

PROCURE.. .VAL CIVIL PROCESS

Total fee for serving this citation.............................

To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use

Taxed _____

Return recorded _____

Sheriff of _____ County, Texas

Case 1:00-cv-00139   Document 1   Filed in TXSD on 09/07/2000   Page 16 of 76

*DAE* ③

*5-4300*

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| ON BEHALF OF THE ESTATE OF | § | |
| ORTENSIA G. LOPEZ, DECEASED, | § | |
| LUIS AYALA, ISELA RODRIGUEZ | § | |
| AND LEE AYALA, JR., AND | § | |
| RUBEN RUIZ | § | 357TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| AND GABRIEL DELGADO | § | WILLACY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GABRIEL DELGADO, one of the Defendants in the above-styled and numbered cause, and files this his Original Answer to Plaintiffs' Original Petition and would show the Court the following:

### I.

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and demands strict proof thereof as required by law.

### II.

The Defendant specially excepts to Paragraph VIII. of Plaintiffs' Original Petition wherein Plaintiffs allege damages but wholly fail to set forth the amount of contended past and future damages for each element and without such specific allegations the Defendant cannot properly prepare his Answer and defenses herein and of this Special Exception, Defendant prays judgment of the Court.

F I L E

APR 3 '0

DEFENDANT'S ORIGINAL ANSWER – Page 1

Case 1:00-cv-00139   Document 1   Filed in TXSD on 09/07/2000   Page 17 of 76

## III.

Defendant hereby makes his written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Willacy County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' suit be dismissed at Plaintiffs' cost, and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)
Attorneys for Defendant

By _____
JEFFREY D. ROERIG
Texas State Bar #17161700
D. ALAN ERWIN, JR.
Texas State Bar #06653020

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Mr. Tony Martinez
MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, TX   78520

on this 30th day of March, 2000.

_____
JEFFREY D. ROERIG

5,43 00 (4)

# CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | * | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | * | |
| LOPEZ, Deceased, LUIS AYALA; | * | |
| ISELA RODIGUEZ, and LEE AYALA, | * | |
| JR.; and RUBEN RUIZ | * | |
| | * | |
| VS. | * | WILLACY COUNTY, TEXAS |
| | * | |
| FORD MOTOR COMPANY and | * | |
| GABRIEL DELGADO | * | 357th JUDICIAL DISTRICT |

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, prior to filing its Original Answer and Jury Demand in this cause, files this its Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

## MOTION TO TRANSFER VENUE

### I.

Defendant objects to venue in Willacy County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Willacy County is not a county of proper venue because Defendant does not have a principal office in Willacy County, the cause of action did not accrue in Willacy County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendant in Willacy County.

FILED

APR - 3 2000
3:00pm
S. *Jaime* Fonseca, Dist. Clerk, Willacy Co.
By_____ Deputy

## II.

Defendant would further show the Court that Defendant is a foreign corporation, with its principal office in Michigan. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1) In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2) In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3) In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) If (1), (2), and (3) do not apply, in the county in which the Plaintiffs resided at the time of the accrual of the cause of action.

## III.

Defendant specifically denies that "venue is proper in the County of Willacy in that this cause of action accrued in Willacy County" as alleged in Plaintiffs' Original Petition. Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Willacy County. Defendant further denies that it had a principal office in Willacy County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action. Defendant also specifically denies that the events giving rise to the claims alleged in Plaintiffs' Original Petition occurred in Willacy County, Texas, but rather occurred in Kenedy County, Texas.

## IV.

Defendant further avers that venue is proper in Dallas County, Texas, in that it is the county where Defendant has a principal office in this state for purposes of venue under Texas law, or in the alternative, Kenedy County, in that it is the county where the alleged incident occurred.

V.

Defendant requests that this action be transferred to a district court of Dallas County, Texas, or in the alternative, Kenedy County.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Dallas County, or in the alternative, Kenedy County, taxing costs incurred herein against Plaintiffs; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue, files this its Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

VI.

## GENERAL DENIAL

Defendant Ford Motor Company herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' currently pending Petition, and states that these are matters that should be proven by Plaintiffs as required by law; and Defendant would require strict proof thereof.

VII.

## AFFIRMATIVE DEFENSES

7.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs in that they failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.

Plaintiffs' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' alleged injuries and damages were proximately caused by the negligence of Defendant Gabriel Delgado in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Defendant Delgado's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

7.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

7.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

7.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Defendant Gabriel Delgado, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

7.07   For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the vehicle in question was purchased limited the liability of the sellers and

manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

7.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to recover any sum, or in the alternative, are allowed to recover no more than actual damages and attorney's fees, for violation of the Texas Deceptive Trade Practices Act, as such violation, if any, resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid the error, if any.

7.09   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

7.10   For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

7.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiffs is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

7.13   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices &

Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

7.14   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiffs.

7.15   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

7.16   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

7.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

7.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## VIII.

## <u>JURY DEMAND SUBJECT TO MOTION TO TRANSFER VENUE</u>

Subject to and without waiving its Motion to Transfer Venue, Defendant hereby requests a trial by jury and tenders its jury fee herewith.

WHEREFORE, Defendant Ford Motor Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Eduardo Roberto Rodriguez
State Bar No. 17144000
    Joseph A. (Tony) Rodriguez
State Bar No. 17146600
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand was served upon all counsel of record, to-wit:

Tony Martinez
Martinez & Barrera, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Attorneys for Plaintiffs

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 3rd day of April, 2000.

Joseph A. (Tony) Rodriguez

## CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased, LUIS AYALA; ISELA RODIGUEZ, and LEE AYALA, JR.; and RUBEN RUIZ | * * * * * | IN THE DISTRICT COURT |
| VS. | * * | WILLACY COUNTY, TEXAS |
| FORD MOTOR COMPANY and GABRIEL DELGADO | * * | 357th JUDICIAL DISTRICT |

## ORDER SETTING HEARING ON DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE

BE IT REMEMBERED that on this the 7th day of April, 2000, came on to be heard the Ford Motor Company's Motion To Transfer Venue and the Court, after examining the Motion, is of the opinion that said Motion be set for hearing,

IT IS THEREFORE, ORDERED that Ford Motor Company's Motion to Transfer Venue has been set for hearing on the 5th day of May, 2000 at 9:00 a.m

SIGNED FOR ENTRY this 7th day of ___April___, 2000.

_____
JUDGE PRESIDING

Copies to:
Joseph A. (Tony) Rodriguez
Tony Martinez
Jeffrey D. Roerig

APR - 7 2000

(3)

## CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased, LUIS AYALA; ISELA RODIGUEZ, and LEE AYALA, JR.; and RUBEN RUIZ | * * * * * | IN THE DISTRICT COURT |
| VS. | * * | WILLACY COUNTY, TEXAS |
| FORD MOTOR COMPANY and GABRIEL DELGADO | * * | 357th JUDICIAL DISTRICT |

### AMENDED ORDER SETTING HEARING ON DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE

BE IT REMEMBERED that on this the 12th day of April, 2000, came on to be heard the Ford Motor Company's Motion To Transfer Venue and the Court, after examining the Motion, is of the opinion that said Motion be set for hearing,

IT IS THEREFORE, ORDERED that Ford Motor Company's Motion to Transfer Venue has been set for hearing on the 2nd day of June, 2000 at 9:00 a.m

SIGNED FOR ENTRY this 12 day of April, 2000.

_____
JUDGE PRESIDING

Copies to:
Joseph A. (Tony) Rodriguez
Tony Martinez
Jeffrey D. Roerig

Cal. a. ..
4/27/00



FILED
APR 2 4
S.V.



CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY, AND ON | § | IN THE DISTRICT COURT OF |
| BEHALF OF THE ESTATE OF ORTENSIA | § | |
| G. LOPEZ, DECEASED, LUIS AYALA, | § | |
| ISELA RODRIGUEZ AND LEE AYALA,JR. | § | |
| RUBEN RUIZ AND MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY AND | § | |
| GABRIEL DELGADO | § | 357TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs, LINDA COY, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF ORTENSIA G. LOPEZ, LUIS AYALA, ISELA RODRIGUEZ AND LEE AYALA, JR., RUBEN RUIZ AND MAURICIO SALDAÑA, and file this Plaintiffs' First Amended Original Petition, complaining of FORD MOTOR COMPANY and GABRIEL DELGADO, hereinafter referred to as Defendants, and for cause of action show the following:

I.

The Plaintiffs are residents of Harris County, Texas.  Ortensia G. Lopez is deceased, and she is survived by her daughter, Linda Coy who is a resident of Harris County, Texas and she initiates this action individually and on behalf of the estate of Ortensia G. Lopez, together with other heirs, beneficiaries and representatives, as named above, against Ford Motor Company and Gabriel Delgado.  This action is also brought by Ruben Ruiz and Mauricio Saldaña, who suffered severe and extensive injuries as a direct and proximate result of the negligence of Ford Motor Company and Gabriel Delgado.  This action is also brought against Gabriel Delgado, the owner of the vehicle in question, whose negligence,

1

CM/PDF - www.texis.com

actions and omissions constitute a proximate and producing cause of the death of Ortensia G. Lopez and the injuries suffered by Ruben Ruíz and Mauricio Saldaña.

Defendant, FORD MOTOR COMPANY, is a Delaware Corporation qualified to do business in the State of Texas.  No service is required.

Defendant, GABRIEL DELGADO, is an individual residing in Houston, Texas.  No service is required.

II.

Venue is proper in the County of Willacy in that this cause of action accrued in Willacy County.

III.

On or about the May 16, 1998, Ortensia G. Lopez, Ruben Ruiz and Mauricio Saldaña were passengers in a 1979 Ford Club Wagon Van owned by Defendant, Gabriel Delgado.  On said date, at approximately 5:30 p.m. the vehicle in question was traveling south in the right lane on U.S. 77 in Raymondville, Texas.  The rear axle of the vehicle broke, detaching the right rear wheel from the vehicle causing it to veer to the left across the left lane into the median of U.S. 77 and roll over once finally landing right side up.  As a result of said accident, Ortensia G. Lopez was killed and Ruben Ruiz and Mauricio Saldaña suffered severe and extensive injuries.  The incident made the basis of this lawsuit and the injuries and damages sustained by Plaintiffs were proximately caused by the negligence of Defendants.

IV.

While engaged in the manufacture and sale of cars, Defendant, Ford Motor Company

2

manufactured and introduced the 1979 Ford Club Wagon Van, in which the Ortensia G. Lopez, deceased, Ruben Ruiz and Mauricio Saldaña were passengers.

V.

Defendant, Ford Motor Company and/or its servants, agents or representatives were negligent in the (a) manufacture of the automobile; and (b) the design of the automobile. Defendant, Ford Motor Company willfully failed to make the vehicle in question safe to drive thus resulting in the accident which was the proximate cause of Ortensia G. Lopez's death, and Ruben Ruiz and Mauricio Saldaña's injuries.

VI.

Defendant, Ford Motor Company further breached express and implied warranties by representing both expressly and impliedly that the 1979 Ford Club Wagon Van would be safe to drive; it was not.  Defendant, Ford Motor Company failed to provide adequate and effective notice to the driver and information on the potential hazards.  Said express and implied warranties were relied upon by Ortensia G. Lopez, Ruben Ruiz and Mauricio Saldaña.

VII.

Defendant, Gabriel Delgado was negligent in the operation of the vehicle he was operating immediately preceding and at the time of the accident (a) in failing to control his vehicle; (b) in failing to keep a proper lookout; (c) in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances; and (d) in failing to take proper action to prevent the accident.

VIII.

As a direct proximate result of the negligence causing the aforesaid incident and damages, Ortensia G. Lopez died. Furthermore, it was necessary for Ruben Ruiz and Mauricio Saldaña to incur extensive medical and hospital services. The surviving family of Ortensia G. Lopez, who bring this suit, and Ruben Ruiz and Mauricio Saldaña have suffered and endured mental suffering and anguish in the past and in all probability will continue to suffer in the future in a sum far in excess of the minimum jurisdictional amounts of this Court.

IX.

Plaintiffs further show that the conduct of these Defendants, as herein described, was gross negligence. That is, it resulted from more than momentary thoughtlessness, inadvertence or error in judgment. It resulted from such an entire want of care as to establish that the act or omission was the result of actual indifference to the rights, safety or welfare of the person affected.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing hereof, Plaintiffs have their damages as hereinabove alleged against Defendants, together with all costs of court. Plaintiffs pray for such other and further relief to which they may be justly entitled to receive.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
     Tony Martinez
     State Bar No. 13139000

4

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY, AND ON | § | IN THE DISTRICT COURT OF |
| BEHALF OF THE ESTATE OF ORTENSIA | § | |
| G. LOPEZ, DECEASED, LUIS AYALA, | § | |
| ISELA RODRIGUEZ AND LIBRADO | § | |
| AYALA , JR., RUBEN RUIZ AND | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY AND | § | |
| GABRIEL DELGADO | § | 357TH JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs, LINDA COY, INDIVIDUALLY, AND ON BEHALF OF THE

ESTATE OF ORTENSIA G. LOPEZ, LUIS AYALA, ISELA RODRIGUEZ AND LIBRADO

AYALA, JR., RUBEN RUIZ AND MAURICIO SALDAÑA, and file this Plaintiffs' Second

Amended Original Petition, complaining of FORD MOTOR COMPANY and GABRIEL

DELGADO, hereinafter referred to as Defendants, and for cause of action show the following:

I.

The Plaintiffs are residents of Harris County, Texas.  Ortensia G. Lopez is deceased, and

she is survived by her daughter, Linda Coy who is a resident of Harris County, Texas and she

initiates this action individually and on behalf of the estate of Ortensia G. Lopez, together with

other heirs, beneficiaries and representatives, as named above, against Ford Motor Company and

Gabriel Delgado.  This action is also brought by Ruben Ruiz and Mauricio Saldaña, who suffered

severe and extensive injuries as a direct and proximate result of the negligence of Ford Motor

Company and Gabriel Delgado.  This action is also brought against Gabriel Delgado, the owner

1

of the vehicle in question, whose negligence, actions and omissions constitute a proximate and producing cause of the death of Ortensia G. Lopez and the injuries suffered by Ruben Ruiz and Mauricio Saldaña.

Defendant, FORD MOTOR COMPANY, is a Delaware Corporation qualified to do business in the State of Texas. No service is required.

Defendant, GABRIEL DELGADO, is an individual residing in Houston, Texas. No service is required.

## II.

Venue is proper in the County of Willacy in that this cause of action accrued in Willacy County.

## III.

On or about the May 16, 1998, Ortensia G. Lopez, Ruben Ruiz and Mauricio Saldaña were passengers in a 1979 Ford Club Wagon Van owned by Defendant, Gabriel Delgado. On said date, at approximately 5:30 p.m. the vehicle in question was traveling south in the right lane on U.S. 77 in Raymondville, Texas. The rear axle of the vehicle broke, detaching the right rear wheel from the vehicle causing it to veer to the left across the left lane into the median of U.S. 77 and roll over once finally landing right side up. As a result of said accident, Ortensia G. Lopez was killed and Ruben Ruiz and Mauricio Saldaña suffered severe and extensive injuries. The incident made the basis of this lawsuit and the injuries and damages sustained by Plaintiffs were proximately caused by the negligence of Defendants.

2

## IV.

While engaged in the manufacture and sale of cars, Defendant, Ford Motor Company manufactured and introduced the 1979 Ford Club Wagon Van, in which the Ortensia G. Lopez, deceased, Ruben Ruiz and Mauricio Saldaña were passengers.

## V.

Defendant, Ford Motor Company and/or its servants, agents or representatives were negligent in the (a) manufacture of the automobile; and (b) the design of the automobile. Defendant, Ford Motor Company willfully failed to make the vehicle in question safe to drive thus resulting in the accident which was the proximate cause of Ortensia G. Lopez's death, and Ruben Ruiz and Mauricio Saldaña's injuries.

## VI.

Defendant, Ford Motor Company further breached express and implied warranties by representing both expressly and impliedly that the 1979 Ford Club Wagon Van would be safe to drive; it was not. Defendant, Ford Motor Company failed to provide adequate and effective notice to the driver and information on the potential hazards. Said express and implied warranties were relied upon by Ortensia G. Lopez, Ruben Ruiz and Mauricio Saldaña.

## VII.

Plaintiffs hereby allege that the Defendant, Gabriel Delgado may have been negligent in the operation of the vehicle, subject to the defect created in the vehicle which he was driving that was manufactured by Ford Motor Company.

3

CVAPDF - www.hevlo.com

## VIII.

As a direct proximate result of the negligence causing the aforesaid incident and damages, Ortensia G. Lopez died. Furthermore, it was necessary for Ruben Ruiz and Mauricio Saldaña to incur extensive medical and hospital services. The surviving family of Ortensia G. Lopez, who bring this suit, and Ruben Ruiz and Mauricio Saldaña have suffered and endured mental suffering and anguish in the past and in all probability will continue to suffer in the future in a sum far in excess of the minimum jurisdictional amounts of this Court.

## IX.

Plaintiffs further show that the conduct of these Defendants, as herein described, was gross negligence. That is, it resulted from more than momentary thoughtlessness, inadvertence or error in judgment. It resulted from such an entire want of care as to establish that the act or omission was the result of actual indifference to the rights, safety or welfare of the person affected.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing hereof, Plaintiffs have their damages as hereinabove alleged against Defendants, together with all costs of court. Plaintiffs pray for such other and further relief to which they may be justly entitled to receive.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
        Tony Martinez
        State Bar No. 13139000

4

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, MAURICIO SALDAÑA'S, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:   Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Mauricio Saldaña, Plaintiff herein and pursuant to the Texas Rules of

Civil Procedure, files this his Answers to Defendant, Ford Motor Company's, Requests for

Admission as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
   Tony Martinez
   State Bar No. 13139000



**EXHIBIT**

A

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___1th___ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520


Tony Martinez

2

1.     Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:     Cannot Admit or Deny presently; have conflicting information regarding this
             request.

2.     Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:     Cannot Admit or Deny presently; have conflicting information regarding this
             request.

3.     Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle
       involved in this lawsuit.

ANSWER:     Cannot admit or deny pending further information.

4.     Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he
       was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:     Deny.

5.     Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that
       he failed to control his vehicle.

ANSWER:     Deny.

6.     Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle
       immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:     Deny.

7.     Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at
       the time of the accident in that he failed to keep a proper lookout.

ANSWER:     Deny.

8.     Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:     Deny.

9.     Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout
       as a person of ordinary prudence would have maintained under the same or similar
       circumstances.

3

ANSWER:     Deny.

10.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:     Deny.

11.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:     Deny.

12.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

13.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:     Deny.

14.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

15.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:     Deny.

16.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:     Deny.

17.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

4

18.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, RUBEN RUIZ'S, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:     Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Ruben Ruiz, Plaintiff herein and pursuant to the Texas Rules of Civil

Procedure, files this his Answers to Defendant, Ford Motor Company's, Requests for Admission

as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
        Tony Martinez
        State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the _l l th_ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.    Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

2.    Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

3.    Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit.

ANSWER:    Cannot admit or deny pending further information.

4.    Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:    Deny.

5.    Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that he failed to control his vehicle.

ANSWER:    Deny.

6.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

7.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at the time of the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

8.    Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:    Deny.

9.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

3

ANSWER:     Deny.

10.     Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:     Deny.

11.     Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:     Deny.

12.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

13.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:     Deny.

14.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

15.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:     Deny.

16.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:     Deny.

17.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

4

18.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:    Deny.

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, ISELA RODRIGUEZ'S, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:   Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Isela Rodriguez, Plaintiff herein and pursuant to the Texas Rules of

Civil Procedure, files this her Answers to Defendant, Ford Motor Company's, Requests for

Admission as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By:_____
Tony Martinez
State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___11th___ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.    Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this
request.

2.    Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this
request.

3.    Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle
involved in this lawsuit.

ANSWER:    Cannot admit or deny pending further information.

4.    Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he
was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:    Deny.

5.    Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that
he failed to control his vehicle.

ANSWER:    Deny.

6.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle
immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

7.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at
the time of the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

8.    Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:    Deny.

9.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout
as a person of ordinary prudence would have maintained under the same or similar
circumstances.

3

ANSWER:     Deny.

10.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:     Deny.

11.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:     Deny.

12.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

13.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:     Deny.

14.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

15.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:     Deny.

16.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:     Deny.

17.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

4

18.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:    Deny.

5

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, LUIS AYALA'S, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:     Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Luis Ayala, Plaintiff herein and pursuant to the Texas Rules of Civil

Procedure, files this his Answers to Defendant, Ford Motor Company's, Requests for Admission

as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602


By: _____
Tony Martinez
State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___11th___ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.    Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

2.    Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

3.    Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit.

ANSWER:    Cannot admit or deny pending further information.

4.    Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:    Deny.

5.    Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that he failed to control his vehicle.

ANSWER:    Deny.

6.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

7.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at the time of the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

8.    Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:    Deny.

9.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

3

ANSWER:    Deny.

10.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:    Deny.

11.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:    Deny.

12.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:    Deny.

13.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:    Deny.

14.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:    Deny.

15.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:    Deny.

16.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:    Deny.

17.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:    Deny.

4

18.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

5

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, LIBRADO AYALA, JR.'S, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:   Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Librado Ayala, Jr., Plaintiff herein and pursuant to the Texas Rules of

Civil Procedure, files this his Answers to Defendant, Ford Motor Company's, Requests for

Admission as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
Tony Martinez
State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___11th___ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.    Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

2.    Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:    Cannot Admit or Deny presently; have conflicting information regarding this request.

3.    Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit.

ANSWER:    Cannot admit or deny pending further information.

4.    Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:    Deny.

5.    Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that he failed to control his vehicle.

ANSWER:    Deny.

6.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

7.    Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at the time of the accident in that he failed to keep a proper lookout.

ANSWER:    Deny.

8.    Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:    Deny.

9.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

3

ANSWER:     Deny.

10.     Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:     Deny.

11.     Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:     Deny.

12.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

13.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:     Deny.

14.     Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:     Deny.

15.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:     Deny.

16.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:     Deny.

17.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

18.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:    Deny.

5

ChbPDF - www.fastio.com

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, LINDA COY, INDIVIDUALLY, ANSWERS TO DEFENDANT,
FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:    Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Linda Coy, Individually, Plaintiff herein and pursuant to the Texas

Rules of Civil Procedure, files this her Answers to Defendant, Ford Motor Company's, Requests

for Admission as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
Tony Martinez
State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the _11th_ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.   Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:   Cannot Admit or Deny presently; have conflicting information regarding this request.

2.   Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:   Cannot Admit or Deny presently; have conflicting information regarding this request.

3.   Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit.

ANSWER:   Cannot admit or deny pending further information.

4.   Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:   Deny.

5.   Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that he failed to control his vehicle.

ANSWER:   Deny.

6.   Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:   Deny.

7.   Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at the time of the accident in that he failed to keep a proper lookout.

ANSWER:   Deny.

8.   Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:   Deny.

9.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

ANSWER:      Deny.

10.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout
       as a person of ordinary prudence would have maintained under the same or similar
       circumstances immediately proceeding the accident.

ANSWER:      Deny.

11.    Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout
       as a person of ordinary prudence would have maintained under the same or similar
       circumstances at the time of the accident.

ANSWER:      Deny.

12.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to
       prevent the accident.

ANSWER:      Deny.

13.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to
       prevent the accident proceeding the accident.

ANSWER:      Deny.

14.    Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to
       prevent the accident.

ANSWER:      Deny.

15.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or
       jointly was the sole cause of the accident in question.

ANSWER:      Deny.

16.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or
       jointly was the proximate cause of the accident in question.

ANSWER:      Deny.

17.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or
       jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:      Deny.

18.    Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:    Deny.

5

CAUSE NO. 00-88

| | | |
|---|---|---|
| LINDA COY, Individually and On | § | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | § | |
| LOPEZ, Deceased, LUIS AYALA, | § | |
| ISELA RODRIGUEZ, LIBRADO | § | |
| AYALA, JR., RUBEN RUIZ and | § | |
| MAURICIO SALDAÑA | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| FORD MOTOR COMPANY and | § | |
| GABRIEL DELGADO | § | 357th JUDICIAL DISTRICT |

**PLAINTIFF, LINDA COY, ON BEHALF OF THE ESTATE OF**
**ORTENSIA G. LOPEZ, DECEASED, ANSWERS TO DEFENDANT,**
**FORD MOTOR COMPANY'S, REQUESTS FOR ADMISSION**

TO:     Defendant, FORD MOTOR COMPANY, by through it's attorney of record:

Joseph A. (Tony) Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas 78520

COMES NOW, Linda Coy, on Behalf of the Estate of Ortensia G. Lopez, Deceased,

Plaintiff herein and pursuant to the Texas Rules of Civil Procedure, files this her Answers to

Defendant, Ford Motor Company's, Requests for Admission as attached hereto.

Respectfully submitted,

MARTINEZ & BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

By: _____
     Tony Martinez
     State Bar No. 13139000

1

## CERTIFICATE OF SERVICE

I hereby certify that on this the _11th_ day of August, 2000 a copy of the foregoing document was forwarded to the following counsel of record:

Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren
Brownsville, Texas 78520

D. Alan Erwin, Jr.
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Tony Martinez

2

1.   Admit the accident made the basis of this lawsuit, did not occur in Willacy County.

ANSWER:   Cannot Admit or Deny presently; have conflicting information regarding this request.

2.   Admit the accident made the basis of this lawsuit, occurred in Kennedy County.

ANSWER:   Cannot Admit or Deny presently; have conflicting information regarding this request.

3.   Admit that Defendant, Gabriel Delgado was negligent in the operation of the vehicle involved in this lawsuit.

ANSWER:   Cannot admit or deny pending further information.

4.   Admit that Defendant, Gabriel Delgado was negligent in the operation of this vehicle he was operating immediately proceeding the accident in that he failed to control his vehicle.

ANSWER:   Deny.

5.   Admit that Defendant, Gabriel Delgado was negligent at the time of the accident in that he failed to control his vehicle.

ANSWER:   Deny.

6.   Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle immediately proceeding the accident in that he failed to keep a proper lookout.

ANSWER:   Deny.

7.   Admit that Defendant, Gabriel Delgado was negligent in the operation of his vehicle at the time of the accident in that he failed to keep a proper lookout.

ANSWER:   Deny.

8.   Admit that Defendant, Gabriel Delgado failed to keep a proper lookout.

ANSWER:   Deny.

9.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances.

3

ANSWER:   Deny.

10.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances immediately proceeding the accident.

ANSWER:   Deny.

11.   Admit that Defendant, Gabriel Delgado was negligent in failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances at the time of the accident.

ANSWER:   Deny.

12.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:   Deny.

13.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident proceeding the accident.

ANSWER:   Deny.

14.   Admit that Defendant, Gabriel Delgado was negligent in failing to take proper action to prevent the accident.

ANSWER:   Deny.

15.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the accident in question.

ANSWER:   Deny.

16.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the proximate cause of the accident in question.

ANSWER:   Deny.

17.   Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was the sole cause of the injuries sustained in the accident in question.

ANSWER:   Deny.

4

18.     Admit that Defendant, Gabriel Delgado's acts of negligence taken separately and/or jointly was a proximate cause of the injuries sustained in the accident in question.

ANSWER:     Deny.

**CAUSE NO. 00-88**

| | | |
|---|---|---|
| LINDA COY, Individually and On | * | IN THE DISTRICT COURT |
| Behalf of the Estate of ORTENSIA G. | * | |
| LOPEZ, Deceased, LUIS AYALA; | * | |
| ISELA RODIGUEZ; LIBRADO AYALA | * | |
| JR.; RUBEN RUIZ; and MAURICIO | * | |
| SALDANA | * | WILLACY COUNTY, TEXAS |
| | * | |
| VS. | * | |
| | * | |
| FORD MOTOR COMPANY and | * | |
| GABRIEL DELGADO | * | 357th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF NOTICE OF REMOVAL

TO:   HONORABLE S. V. "CHAGO" FONSECA
      Willacy County District Clerk
      Willacy County Courthouse, Second Floor
      Raymondville, Texas 78580

You will please take notice that Defendant Ford Motor Company has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:  Linda Coy, Individually and on Behalf of the Estate of Ortensia G. Lopez, Deceased; Luis Ayala; Isela Rodriguez; Librado Ayala, Jr.; Ruben Ruiz; and Mauricio Saldana v. Ford Motor Company and Gabriel Delgado,, originally filed in the 357th Judicial District Court of Willacy County, Texas, Cause Number 00-88, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 357th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the 7th day of September, 2000.

*NOTICE TO DISTRICT CLERK OF FILING NOTICE OF REMOVAL*                              *PAGE 1*

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
        Joseph A. (Tony) Rodriguez
Attorney-in-Charge
State Bar No. 17146600
Federal Admissions No. 10107
        Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing

Notice of Removal was served upon all counsel of record, to-wit:

Tony Martinez
Martinez & Barrera, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Attorneys for Plaintiffs

Jeffrey D. Roerig
D. Alan Erwin, Jr.
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendant Gabriel Delgado

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the _7th_ day of September,

2000.

_____
        Joseph A. (Tony) Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA COY, Individually and On      *
Behalf of the Estate of ORTENSIA G.  *
LOPEZ, Deceased, LUIS AYALA;         *
ISELA RODRIGUEZ; LIBRADO AYALA *
JR.; RUBEN RUIZ; and MAURICIO        *
SALDANA                              *        CIVIL ACTION NO. **B-00-140**
                                     *
VS.                                  *
                                     *
FORD MOTOR COMPANY and               *
GABRIEL DELGADO                      *

## NOTICE TO THE PLAINTIFFS OF FILING
## NOTICE OF REMOVAL

TO:   LINDA COY, Individually and on Behalf of the Estate of ORTENSIA G. LOPEZ,
      Deceased; LUIS AYALA; ISELA RODRIGUEZ; LIBRADO AYALA, JR.;
      RUBEN RUIZ; and MAURICIO SALDANA, Plaintiffs, and their attorneys:

      Tony Martinez
      Martinez & Barrera, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520

      PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby

notified that on the 7th day of September, 2000, in the above styled and numbered

cause (being Cause Number 00-88 in the 357th Judicial District Court of Willacy

County, Texas), FORD MOTOR COMPANY filed its Notice of Removal in the United

States District Court for the Southern District of Texas, Brownsville Division. Copies of

such Notice and other papers so filed are attached hereto.

                              Respectfully submitted,

                              RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                              By: _____
                                    Joseph A. (Tony) Rodriguez
                              Attorney-in-Charge
                              State Bar No. 17146600
                              Federal Admissions No. 10107

Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to the Plaintiffs of Filing

Notice of Removal was served upon all counsel of record, to-wit:

Jeffrey D. Roerig
D. Alan Erwin, Jr.
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendant Gabriel Delgado

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the _7th_ day of September,

2000.

Joseph A. (Tony) Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA COY, Individually and On          *
Behalf of the Estate of ORTENSIA G.     *
LOPEZ, Deceased, LUIS AYALA;            *
ISELA RODRIGUEZ; LIBRADO AYALA *
JR.; RUBEN RUIZ; and MAURICIO           *
SALDANA                                 *          CIVIL ACTION NO. B-00-139
                                        *
VS.                                     *
                                        *
FORD MOTOR COMPANY and                  *
GABRIEL DELGADO                         *

## INDEX OF ATTORNEYS

1.    Tony Martinez
      State Bar No. 13139000
      Martinez & Barrera, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520
      (956) 546-7159
      Fax (956) 544-0602
      Attorneys for Plaintiffs

2.    Joseph A. (Tony) Rodriguez
      State Bar No. 17146600
      Federal Admissions No. 10107
      Eduardo Roberto Rodriguez
      State Bar No. 17144000
      Federal Admissions No. 1944
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170
      Attorneys for Defendant Ford Motor Company

3.    Jeffrey D. Roerig
      State Bar No. 17161700
      D. Alan Erwin, Jr.
      State Bar No. 06653020
      Roerig, Oliveira & Fisher, L.L.P.
      855 West Price Road, Suite 9
      Brownsville, Texas 78520
      (956) 542-5666
      Fax (956) 542-0016
      Attorneys for Defendant Gabriel Delgado

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA COY, Individually and On      *
Behalf of the Estate of ORTENSIA G.    *
LOPEZ, Deceased, LUIS AYALA;      *
ISELA RODRIGUEZ; LIBRADO AYALA *
JR.; RUBEN RUIZ; and MAURICIO     *
SALDANA                        *
                             *
VS.                            *
                             *
FORD MOTOR COMPANY and      *
GABRIEL DELGADO          *

CIVIL ACTION NO. B-00-139

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

     a.    State Court's Docket Sheet
     b.    Plaintiffs' Original Petition
     c.    Citation served on Ford Motor Company
     d.    Defendant Gabriel Delgado's Original Answer
     e.    Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand
     f.    Plaintiffs' First Amended Original Petition
     g.    Order Setting Hearing on Defendant's Motion to Transfer Venue
     h.    Amended Order Setting Hearing on Defendant's Motion to Transfer Venue
     i.    Plaintiffs' Second Amended Original Petition

3.    Notice to Plaintiffs of Filing of Notice of Removal

4.    Notice to District Clerk of Filing Notice of Removal

5.    Index of Attorneys

6.    Index of Documents Filed

7.    Order for Conference and Disclosure of Interested Parties