23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA COY, ET AL. | § | |
|         Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-13 9 |
| FORD MOTOR COMPANY & | § | |
| GABRIEL DELGADO | § | |
|         Defendants. | | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff in the above-entitled and -numbered cause, before the commencement of the Voir Dire examination of the jury panel, and respectfully moves that counsel for Defendants, and through such counsel, any and all defense witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to the Plaintiff's case, which no instruction by the Court to the Jury could cure, to-wit:

### 1.

That any recovery by the Plaintiff either would or would not be subject to federal income taxation or any other form of taxation. *Turner v. General Motors Corp.*, 584 S.W.2d 844, 853 (Tex. 1979).

GRANTED _____          DENIED _____

## 2.

That no mention be made of any medical treatment Plaintiffs, Hortencia Lopez, received for injuries and/or illnesses, either physical or emotional, not directly related to the injuries and/or illnesses she sustained as a result of the incident in question because there is no evidence which could make relevant such unrelated medical treatment to this accident and would be elicited only to inflame or play upon the emotions of the jury.

GRANTED _____          DENIED _____

## 3.

That no mention be made of prior administrative proceedings or litigation in which Plaintiffs have been in any way involved, or any pending administrative proceedings or litigation other than the instant lawsuit, because there is no evidence which could make relevant such litigation to this incident and would be elicited only to inflame or play upon the emotions of the jury. *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361, (Tex.1987). The prejudicial effect of such evidence would substantially exceed its probative value and may properly be excluded. *AMOCO Chemicals Corp. v. Stafford*, 663 S.W.2d 147, 150 (Tex.App. --Houston [1st Dist.] 1983, no writ); *Compton v. Jay*, 389 S.W.2d 639 (Tex. 1965); *see also,* Texas Rules of Civil Evidence 403.

GRANTED _____          DENIED _____

## 4.

That Plaintiffs, or anyone associated with Plaintiffs have been arrested, charged with or convicted of any crime. Any alleged arrest(s), charge(s) or conviction(s) is/are not relevant to any

issue to be tried in this case and should be excluded because its/their probative value is outweighed by its/their prejudicial effect.

GRANTED _____                    DENIED _____

## 5.

Any reference, by Defendant, its witnesses and/or attorneys, to the anticipated testimony of any witness who is absent, unavailable, or otherwise not called to testify at the trial of this cause. *Texas Power & Light Co. v. Walker*, 559 S.W.2d 403 (Tex.Civ.App.--Texarkana 1977, no writ).

GRANTED _____                    DENIED _____

## 6.

Any direct or indirect reference, by Defendant, its witnesses and/or attorneys, to the conduct of potentially "responsible third parties" who have not been heretofore included in this cause. A "responsible third party" is "any person to whom all of the following apply: (i) the Court in which the action was filed could exercise jurisdiction over the person; (ii) the person could have been, but was not, sued by the claimant; and (iii) the person is or may be liable to the Plaintiff for all or a part of the damages claimed against the named defendant or defendants." *Tex. Civ. Prac. & Rem. Code §33.011(6)(A) (Vernon's 1996).* As any additional "responsible third parties" have not been properly joined in this cause, *see, Tex. Civ. Prac. & Rem. Code §33.004*, the liability of such additional "responsible third parties" would not be submitted to the jury. *Tex. Pattern Jury Charges, Vol. 1, §4.3 (1996).* Thus, reference to the conduct of "responsible third parties" not included in this action would only serve to confuse the jury.

GRANTED _____      · τc        DENIED _____

## 7.

Any reference to specific instances of Plaintiffs' or any party associated with Plaintiffs' conduct for the purpose of attacking his or her credibility and/or character. Texas Rules of Civil Evidence 404; *Lovelace v. Sabine Consol., Inc.,* 733 S.W.2d 648, 654 (Tex.App.--Houston [14th Dist.] 1987, writ denied).

GRANTED _____          DENIED _____

## 8.

Any reference to the effect or results of a claim, suit, or judgment upon the insurance rates, premiums, or charges, either generally or as particularly applied to the parties in question, as a result of this or any other matter. Further, that no mention be made of the possible increase in doing business or prices of any particular product or service, or products or services generally, as a result of a claim, suit, or judgment on this Defendant or others.

GRANTED _____          DENIED _____

## 9.

Any suggestion or insinuation to the jury that their verdict could result in an increase in layoffs or terminations from the company or any other effects on the company which the verdict may allegedly cause, or in any way suggest that their verdict should take into account such irrelevant and prejudicial matters.

GRANTED _____          DENIED _____

## 10.

Alcohol use in the past as it is not relevant as there is no evidence that alcohol or drugs played any part in the incident in question. Alcohol use, if such existed, would be elicited only to

inflame or play upon the emotions of the jury. The prejudicial effect of such evidence would exceed its probative value and may be properly excluded. *AMOCO Chemicals Corp. v. Stafford*, 663 S.W.2d 147, 150 (Tex. App.--Houston [1st Dist.] 1983, no writ); *Compton v. Jay*, 389 S.W.2d 639 (Tex. 1965).

GRANTED _____         DENIED _____

## 11.

Any attempt to seek or request Plaintiffs' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

GRANTED _____         DENIED _____

## 12.

Any comment by Defendants' attorneys that informs the jury of the effect of its answers to the questions in the charge. *Magic Chef, Inc. v. Sibley*, 546 S.W.2d 851, 857 (Tex.App.--San Antonio 1977, writ ref'd n.r.e.).

GRANTED _____         DENIED _____

## 13.

Any reference or comment about the date Plaintiff employed an attorney, or how such representation may be chronologically related to Plaintiffs' prosecution of the claims contained in this lawsuit.

GRANTED _____         DENIED _____

## 14.

That Plaintiffs have been involved in any other accidents, or have suffered any unrelated injury or illness or the effects thereof.

GRANTED _____          DENIED _____

### 15.

Any reference to the substance of any conduct or statements made in compromise negotiations between Plaintiffs, their present attorneys, and Defendants, their insurance carrier(s), and/or their attorney. Texas Rules of Civil Evidence 408.

GRANTED _____          DENIED _____

### 16.

Any hearsay statements made, either verbal or written, by any other person as to the circumstances of Plaintiffs injuries and the facts relating to same should not be referred to unless it is shown that either (a) such person can testify to such matters based on personal observations, or (b) the offering party has first demonstrated, outside the presence of the Jury, that such statements are not hearsay.

GRANTED _____          DENIED _____

### 17.

That Plaintiffs have made, considered, or promised to accept, or will make, consider, or accept any offer to compromise or settle the claims involved in this action; or any reference to the fact that settlement discussions have or have not taken place; or the statements or conduct of any information concerning settlement offers or acceptances, or the conduct or statements of parties during settlement negotiations or discussion, is irrelevant to proving the validity or invalidity of any claim in this action.

GRANTED _____          DENIED _____

## 18.

Any evidence purporting to come from medical reports, claim forms, pleadings, or other statements which relate to prior or subsequent injuries sustained by Plaintiffs whether on direct examination or on cross-examination, and further, that opposing counsel not attempt to lead the jury to believe that he is reading from such report, form, or other statement.

GRANTED _____          DENIED _____

## 19.

That Plaintiffs have had similar or unrelated prior or subsequent claims, suits or settlements, or the amount thereof.

GRANTED _____          DENIED _____

## 20.

Any evidence from any medical record or report unless counsel seeking to introduce such evidence or testimony first shows, by proper predicate, preliminary facts showing that any such record is a business record.  Such evidence should be excluded because it would be hearsay, legally irrelevant, and wholly immaterial to any issue in this cause.

GRANTED _____          DENIED _____

## 21.

Any evidence concerning videos, moving pictures, or photographs reflecting alleged activities on the part of Plaintiffs, unless the proper predicate has been established outside the presence of the jury.

GRANTED _____     π     DENIED _____

## 22.

Opposing counsel expressing his/her personal opinions regarding the case.

GRANTED _____          DENIED _____

## 23.

Testimony from any expert witness not previously timely identified as an expert witness in response to discovery requests.

GRANTED _____          DENIED _____

## 24.

That opposing counsel not tender, read from, or refer to any ex parte statement or report of any person not then and there present in Court to testify or be cross-examined by counsel for Plaintiffs, and that all counsel not suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

GRANTED _____          DENIED _____

## 25.

Whether or not Plaintiffs have or have not filed income tax returns for past years.

GRANTED _____          DENIED _____

## 26.

That Defendants and Defendants' counsel refrain from displaying or tendering to any witness in the presence of the jury any document or tangible thing not identified or described in response to discovery requests.

GRANTED _____          DENIED _____

## 27.

Any circumstances related to the employment of Plaintiffs' attorney or the compensation to be received by Plaintiffs' attorney.

GRANTED _____          DENIED _____

## 28.

That Defendants and Defendants' counsel refrain from interrogating, mentioning, arguing or making statements or references to opposing counsel's actions in the pre-trial process for the reason that any mention would be irrelevant, prejudicial, and error that could not be cured by instruction.

GRANTED _____          DENIED _____

## 29.

That Defendants be instructed not to make demands or requests before the jury for matters found or contained in Plaintiffs' file, which would include statements, pleadings, photographs, and other documents, nor to demand or request further or additional information, physical demonstrations, or other requests during the course of the trial in the presence of the jury.

GRANTED _____          DENIED _____

## 30.

Whether or not Plaintiffs are entitled to recover prejudgment or postjudgment interest.

GRANTED _____          DENIED _____

**31.**

That this Motion has been filed or any ruling by the Court in response to this Motion, suggesting or implying to the jury that the Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter.

GRANTED _____          DENIED _____

**32.**

Any reference to the criminal history or allegations or suggestion of bad character of Plaintiffs or any of their witnesses.

GRANTED _____          DENIED _____

**33.**

Any reference, suggestion or allegations of past marital problems of Hortencia Lopez.

GRANTED _____          DENIED _____

**34.**

Any reference to the fact that Plaintiffs may have made any objection to interrogatories or document requests, or may have asserted a claim of privilege, during the pretrial phase of this case.

GRANTED _____          DENIED _____

**35.**

Any reference that Plaintiffs have failed to call any witness equally available to all parties in the case.

GRANTED _____          DENIED _____

**36.**

Any attempt to introduce into evidence testimony of any person not identified as fact witnesses in answer to interrogatories. *Morrow v. HEB, Inc.*, 714 S.W.2d 297 (Tex. 1986), Tex.R.Civ.P. 193.5, 195.

GRANTED _____        DENIED _____

**37.**

Any attempt to introduce alleged expert testimony regarding matters on which any alleged expert is not qualified to render an expert opinion. Tex. R. Civ. Evid. 702.

GRANTED _____        DENIED _____

**38.**

Any reference or suggestion that deposition testimony or videotaped deposition testimony should be given greater or lesser weight than live testimony. *Sandidge v. Salem Offshore Drilling Co.*, 764 F. 2d 252 (5ᵗʰ Cir. 1985).

GRANTED _____        DENIED _____

**39.**

Any reference to or mention by the defendants of any documents not identified on defendant's exhibit list. *Black v. Department of Labor and Standards*, 835 S.W. 2d 635 (Tex. 1992); Tex. R. Civ. P. 193.6

GRANTED _____        DENIED _____

**40.**

Any suggestion or allegation that Plaintiffs' counsel may have brought other lawsuits similar to the case at bar.

**46.**

Any reference to the contents of pleadings superseded by the pleadings on file.

GRANTED _____            DENIED _____

Respectfully submitted,

**MARTINEZ Y BARRERA, L.L.P.**
1201 E. Van Buren Street
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

_____
Benigno (Trey) Martinez
Federal I.D. No.: 23945
SBOT: 00797011
Tony Martinez
SBOT: 13139000
Federal I.D. No.:

---

PLAINTIFF'S MOTION IN LIMINE                                        PAGE 13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel of record as listed below via Certified Mail, Return Receipt Requested and/or First Class U. S. Mail on the ___23rd___ day of April, 2001.

Mr. Joseph A. (Tony) Rodriguez
Mr. Eduardo Roberto Rodriguez
**RODRIGUEZ, COLVIN & CHANEY**
1201 E. Van Buren
Brownsville, Texas  78520

Mr. Alan D. Erwin
Mr. Jeffrey D. Roerig
**ROERIG, OLIVEIRA & FISHER**
855 W. Price Road, Suite 9
Brownsville, Texas 78520

_____
Benigno (Trey) Martinez
Tony Martinez