30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LINDA COY, Individually, and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased, LUIS AYALA, ISELA RODRIGUEZ and LIBRADO AYALA, JR., RUBEN RUIZ and MAURICIO SALDANA, § § § § § § | |
| and § | CIVIL ACTION NO. B-00-139 |
| MARGARITO LOPEZ (Intervenor), § § | |
| vs. § § | |
| FORD MOTOR COMPANY and GABRIEL DELGADO. § § | |

**INTERVENOR MARGARITO LOPEZ'S
ORIGINAL COMPLAINT IN INTERVENTION**

Margarito Lopez ("Intervenor") complains of Ford Motor Company and Gabriel Delgado and files his Original Complaint in Intervention as follows:

**I.     PARTIES**

1.     Margarito Lopez is the surviving husband of the deceased, Hortensia Lopez a/k/a Ortensia Lopez ("Ortensia"). Margarito resides in Houston, Harris County, Texas. The remaining Plaintiffs are fully identified in their Original Petition/Complaint.

2.     Defendant, Ford Motor Company ("Ford"), is a Delaware Corporation qualified to do business in the state of Texas and may be served with process through its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, or by serving its attorney of record pursuant to FED. R. CIV. P. 5(b).

3.     Defendant, Gabriel Delgado ("Delgado") is a natural person and upon information and belief resides in Houston, Harris County, Texas, and may be served with process at 7934 Ave. F, Houston, Texas 77012, or by serving his attorney of record pursuant to FED. R. CIV. P. 5(b).

## II.     NATURE OF ACTION

4.     This is a wrongful death and survival action arising out of the death of Ortensia Lopez.

## III.     FACTUAL BACKGROUND

5.     On or about May 16, 1998 Ortensia Lopez was riding in a Club Wagon (the "vehicle") manufactured by Defendant Ford, when the rear axle of the vehicle broke, detaching the right rear wheel from the vehicle proximately causing the vehicle to roll over. As a proximate result of the collision, Ortensia Lopez was made to anticipate death and in fact died.

## IV.     INTERVENOR'S CAUSES OF ACTION

6.     Intervenor has a justiciable interest in this lawsuit because he is decedent's surviving spouse and heir. Intervenor's claim arises from the same transaction or occurrence as, and has a common question of law or fact with, the original claim.

A.     **First cause of action: Ford's negligence and gross neglect.**

7.     Intervenor incorporates all factual allegations made above. Defendant Ford and/or its servants, agents or representatives were negligent in the (a) manufacture of the vehicle; and (b) the design of the vehicle.

8.     Each of the above listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross neglect/malice. Ford's acts and omissions, when

2

viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Therefore, Defendant acted with gross neglect and acted with malice for which it is liable for exemplary damages.

**B.     Second cause of action: Product defects.**

9.     Intervenor incorporates all factual allegations made above. The Club Wagon at issue was defectively manufactured and designed, and therefore Ford is strictly liable under the doctrine of strict products liability.

**C.     Third cause of action: Ford's breach of express and implied warranties.**

10.     Intervenor incorporates all factual allegations made above.

11.     Defendant Ford further breached express and implied warranties by representing both expressly and impliedly that the vehicle would be safe to drive when it was not and that it was fit for a purpose for which it was not. Ford failed to provide adequate and effective notice to the driver (and passengers) and information on the potential hazards. These express and implied warranties were relied upon by Ortensia G. Lopez.

**D.     Fifth cause of action: Delgado's negligence.**

12.     Intervenor incorporates all factual allegations made above. Defendant Delgado was negligent. Among other things, he failed to control his vehicle.

## V. CAUSATION AND DAMAGES

13.     Intervenor incorporates all factual allegations made above.

14.     As a proximate/producing result of Defendants' tortious acts and/or omissions, and the product defects, Ortensia G. Lopez suffered severe personal injuries that

3

resulted in an agonizing death, pain, mental anguish, medical expenses, and funeral and burial expenses, for which Intervenor is entitled to recover.

15. As a proximate result of Defendants' tortious acts and/or omissions, and the product defects, Intervenor has suffered and will continue to suffer: pecuniary loss; loss of support; loss of companionship, society and consortium; mental anguish; and loss of inheritance.

16. For Defendants' gross neglect/malice, Intervenor seeks exemplary damages.

## VI. ALTERNATIVE PLEADINGS

17. To the extent facts and/or causes of action pled in this Petition are in conflict, they are pled in the alternative.

## VII. PRAYER

Intervenor prays that judgment be entered against Defendants jointly and severally for:

    a. actual damages, including but not limited to consequential damages;

    b. all costs of court expended herein;

    c. prejudgment and post judgment interest at the maximum rate allowed by law;

    d. exemplary damages; and

    e. all other relief to which Intervenor is justly entitled.

4

Dated:     May 11, 2001
           Houston, Texas

                                        Respectfully submitted,

                                        SOLAR & ASSOCIATES, L.L.P.

                                        By: _____
                                        J. Michael Solar
                                        State Bar No. 18824850
                                        Williams Tower, Suite 6300
                                        2800 Post Oak Boulevard
                                        Houston, Texas  77056-6106
                                        (713) 850-1212
                                        (713) 850-1199 (fax)

                                        ATTORNEY-IN-CHARGE FOR
                                        INTERVENOR

**OF COUNSEL:**

James DeAnda
State Bar No. 05624000
John M. Padilla
State Bar No. 00791395
SOLAR & ASSOCIATES, L.L.P.
Williams Tower, Suite 6300
2800 Post Oak Boulevard
Houston, Texas  77056-6106
(713) 850-1212
(713) 850-1199 (fax)

01010 PCD27043

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to FED. R. CIV. P. 5(b) a true and correct copy of the above and foregoing has been forwarded by Certified Mail Return Receipt Requested, Hand Delivery, Federal Express, Fax, and/or United States Mail, First Class on May 11, 2001 to the following:

Tony Martinez  
Martinez & Barrera, L.L.P.  
1201 E. Van Buren  
Brownsville, Texas 78520

Eduardo Roberto Rodriguez  
1201 E. Van Buren  
P. O. Box 2155  
Brownsville, Texas 78522

Jeffrey Roerig  
855 West Price Road, Suite 9  
Brownsville, Texas 78520

John M. Padilla

01010 PCD27043