36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ORTENSIA G. LOPEZ, DECEASED, LUIS AYALA, ISELA RODRIGUEZ AND LEE AYALA, JR., RUBEN RUIZ AND MAURICIO SALDANA | § § § § § § | |
| V. | § § | CIVIL ACTION NO. B-00-139 |
| FORD MOTOR COMPANY AND GABRIEL DELGADO | § § | |

## FORD MOTOR COMPANY'S SUPPLEMENTAL PROPOSED VERDICT FORM INTERROGATORIES TO THE JURY

### QUESTION NO. 1

Was there: (1) a manufacturing defect in the rear axle of the 1979 Club Wagon at the time it left Ford's possession, (2) that was a producing cause of the injury in question?[1]

---

[1] Texas Pattern Jury Charge 71.3, modified in two ways. The first sentence is modified to make clear that this one broad form question is actually submitting two separate issues: defect and causation. The definition of "defect" from Texas Pattern Jury Charge 71.3 is expanded to recognize that the nature of this defect must be found in the manufacture of the product, rather than in its design or in its warnings and instructions.

AUS 1873318 1
31102 94940

A **"manufacturing defect"** is a physical departure from the product's intended design that renders it unreasonably dangerous.[2]

**"Unreasonably dangerous"** means dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

**"Producing Cause."** A product or the conduct of a person is a "producing cause" of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.[3]

A product is not in a defective condition, thus not unreasonably dangerous when sold, if the unreasonably dangerous condition is solely caused by a substantial change or alteration of the product after it is sold, and but for which unreasonably dangerous condition the event would not have occurred. "Substantial change or alteration" means that the configuration or operational characteristics of the product are changed or altered by affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the

---

[2]Establishing a manufacturing defect requires proof that the product as manufactured did not conform to the design standards and blueprints of the manufacturer. *See, e.g.,The Torrington Company v. Stutzman*, ___ S.W.3d ___, 44 Tex. Sup. Ct. Jour. 225, 234 (Dec. 21, 2000)("A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous."); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997) ("Under Texas law, a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."); *Robins v Kroger Co.*, 982 S.W.2d 156, 160 (Tex. App. -- Houston [1st Dist.] 1998, review denied)(no manufacturing defect where no evidence that finished product deviated from specifications); *Clark Equipment Co. v. Pitner*, 923 S.W.2d 117, 126 n. 11 (Tex. App. - Houston [14th Dist.] 1996, writ denied) ("A manufacturing defect exists when a product does not conform to the design standards and blueprints of the manufacturer and the flaw makes the product more dangerous and therefore unfit for intended or reasonably foreseeable uses."); *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 562 (Tex. App. -- Houston [1st Dist.] 1995, no writ)(same).

In fact, a claim of manufacturing defect assumes that the "product would not have been defective had it conformed to the manufacturer's design specifications." *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 239 (Tex. App. -- San Antonio 1996, writ denied).

This requested definition tracks the language of the RESTATEMENT (3D) OF TORTS: PRODUCTS LIABILITY (1998)( § 1, Comment *a*: "A manufacturing defect is a physical departure from a product's intended design.")(§ 2(a): "A product ... contains a manufacturing defect when the product departs from its intended design....") *See also Lucas v. Texas Industries, Inc*, 696 S.W.2d 372, 377-78 (Tex. 1984)(noting that a product can be defective if unreasonably dangerous in its construction, or in its design, or because of inadequate warnings and instructions.).

[3]*Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99 (Tex. 1977) ("cause-in-fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred"); *Texas Pacific Ry. Co. v. McCleery*, 418 S.W.2d 494 (Tex. 1967) ("The rule is known as the 'but for' rule.").

AUS 1873318 1
31102 94940

2

intended or foreseeable use of the product. Substantial change or alteration does not include reasonably foreseeable wear and tear or deterioration.[4]

Answer "Yes" or "No"

ANSWER: _____

If you answer Question No. 1 "No," then return your verdict; otherwise, proceed to Question No. 2.

GIVEN_____  GIVEN AS MODIFIED_____  REFUSED_____

_____
HONORABLE UNITED STATES DISTRICT JUDGE

---

[4]Texas Pattern Jury Charge 70.5.

AUS:1873318.1
31102 94940

3

# QUESTION NO. 2

Was Gabriel Delgado negligent and was such negligence a proximate cause of the accident?

**"Ordinary care"** means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.

**"Negligence"** means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**"Proximate Cause"** means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No"

ANSWER: _____


GIVEN_____   GIVEN AS MODIFIED_____   REFUSED_____


_____
**HONORABLE UNITED STATES DISTRICT JUDGE**

If you have answered "Yes" to Questions 1 and 2, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of causation attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to a person need not be the same percentage attributed to that person in answering another question.

## QUESTION NO. 3

For each person or product found by you to have caused the occurrence, find the percentage of responsibility of those named below.

    a.    Ford Motor Company    _____%

    b.    Gabriel Delgado    _____%

            Total    100%

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
**HONORABLE UNITED STATES DISTRICT JUDGE**

ClibPDF - www.fastio.com

## QUESTION NO. 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ortensia G. Lopez, deceased, for her injuries, if any, resulting from the occurrence in question?

You may consider the following elements of damage and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Ortensia G. Lopez.

    a.    Economic damages suffered in the past and in reasonable probability will be sustained in the future.

"Economic damages" means compensatory damages for reasonable medical expenses of the necessary medical and hospital care received by Ortensia G. Lopez for treatment of injuries sustained by her as a result of the occurrence in question, and reasonable funeral and burial expenses for the funeral and burial for Ortensia G. Lopez reasonably suited for her station in life.

Answer in dollars and cents, if any:

$_____

    b.    Non-economic damages suffered in the past and in reasonable probability will be sustained in the future.

Non-economic damages include damages for physical pain and mental anguish; that is, the conscious physical pain and emotional pain, torment, and suffering experienced by Ortensia G. Lopez before her death as a result of the occurrence in question.

Answer in dollars and cents, if any:

$_____

GIVEN_____    GIVEN AS MODIFIED_____    REFUSED_____

_____
HONORABLE UNITED STATES DISTRICT JUDGE

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., Ruben Ruiz, and Mauricio Saldana for their respective damages, if any, resulting from the death of Ortensia G. Lopez?

You may consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Ortensia G. Lopez.

    a.    Economic damages suffered in the past and in reasonable probability will be sustained in the future.

"Economic damages" means the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., Ruben Ruiz, and Mauricio Saldana in reasonable probability would have received from Ortensia G. Lopez had she lived.

Answer in dollars and cents, if any, for:

| | |
|---|---|
| Linda Coy | $_____ |
| Luis Ayala | $_____ |
| Isela Rodriguez | $_____ |
| Lee Ayala, Jr. | $_____ |
| Ruben Ruiz | $_____ |
| Mauricio Saldana | $_____ |

    b.    Non-economic damages suffered in the past and in reasonable probability will be sustained in the future.

"Non-economic damages" means loss of companionship and society, and mental anguish as defined herein.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., Ruben Ruiz, and Mauricio Saldana in reasonable probability, would have received from Ortensia G. Lopez had she lived.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., Ruben Ruiz, and Mauricio Saldana because of the death of Ortensia G. Lopez.

In determining non-economic damages, you may consider the relationship between Ortensia G. Lopez and her children and parents, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer in dollars and cents, if any, for:

| | |
|---|---|
| Linda Coy | $_____ |
| Luis Ayala | $_____ |
| Isela Rodriguez | $_____ |
| Lee Ayala, Jr. | $_____ |
| Ruben Ruiz | $_____ |
| Mauricio Saldana | $_____ |

GIVEN_____     GIVEN AS MODIFIED_____     REFUSED_____

_____
**HONORABLE UNITED STATES DISTRICT JUDGE**

# QUESTION NO.

If you find that the plaintiffs negligently or intentionally breached their duty, if any, to preserve the vehicle and the post-accident condition of the vehicle, you should presume that the destroyed evidence was unfavorable to plaintiffs on any fact or issue the destroyed evidence might have supported. The party breaching the duty to reasonably preserve the evidence bears the burden to disprove the presumed fact or issue.

SOURCE:   *Watson v. Brazos Elec. Power Coop., Inc.*, 918 S.W.2d 639 (Tex. App.—Waco 1996, writ denied) ("Spoliation was raised by the pleadings and the evidence, and the jury should have had the benefit of an instruction to properly evaluate the facts according to the charge."); the *Watson* opinion has been cited favorably. *See Trevino v. Ortega*, 969 S.W.2d 950 (Tex. 1998) (Baker, J., concurring). This instruction is taken directly from Justice Baker's concurrence.

GIVEN_____          GIVEN AS MODIFIED_____    REFUSED_____

_____
**HONORABLE UNITED STATES DISTRICT JUDGE**

AUS-1873318.1
31102.94940

9

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Fax


By:_____
    Eduardo Roberto Rodriguez
    Federal Bar No. 1944
    State Bar No. 17144000
    Joseph A. (Tony) Rodriguez
    Federal Bar No. 10107
    State Bar No. 17146600

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

AUS 1873318.1
31102.94940

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon counsel of record, to wit:

    Tony Martinez
    Benigno (Trey) Martinez
    Martinez & Barrera, LLP
    1201 East Van Buren
    Brownsville, TX 78520

    D. Alan Erwin
    Roerig, Oliveira & Fisher, LLP
    855 West Price Road, Suite 9
    Brownsville, TX 78520

    J. Michael Solar
    Solar & Associates, L.L.P.
    Williams Tower, Suite 6300
    2800 Post Oak Boulevard
    Houston, Texas 77056-6106

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this _____ day of _____, 2001.

_____
Joseph A. (Tony) Rodriguez