IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LINDA COY, Individually and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased, LUIS AYALA; ISELA RODIGUEZ; LIBRADO AYALA JR.; RUBEN RUIZ; and MAURICIO SALDANA,<br>   Plaintiffs<br><br>and<br><br>MARGARITO LOPEZ,<br>   Intervenor<br><br>VS.<br><br>FORD MOTOR COMPANY and GABRIEL DELGADO,<br>   Defendants | CIVIL ACTION NO. B-00-139 |

## DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO INTERVENOR MARGARITO LOPEZ'S ORIGINAL COMPLAINT IN INTERVENTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Intervenor Margarito Lopez's Original Complaint in Intervention, and in support thereof, would show the Court as follows:

### INTERVENOR'S FAILURE TO STATE A CLAIM

1.  Defendant states that Intervenor Margarito Lopez's Original Complaint in Intervention fails to state a claim upon which relief can be granted against Defendant.

### ANSWER

2.  Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph I, sub-paragraph 1 of Original Complaint in Intervention, and therefore, denies same.

*DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO INTERVENOR'S ORIGINAL COMPLAINT IN INTERVENTION*

PAGE 1

3. Defendant admits that it is a Delaware corporation and has been served with process as alleged in Paragraph I, sub-paragraph 2 of Original Complaint in Intervention.

4. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph I, sub-paragraph 3 of Original Complaint in Intervention, and therefore, denies same.

5. Defendant admits that this lawsuit has been filed as a wrongful death and survival action as alleged in sub-paragraph 4 of Paragraph II, but denies that it is liable to Plaintiffs or Intervenor.

6. Defendant admits that Ortensia G. Lopez, Ruben Ruiz, and Mauricio Saldana were involved in an accident on or about May 16, 1998 as alleged in Paragraph III, sub-paragraph 5 of Original Complaint in Intervention. Defendant specifically denies that the incident and the alleged injuries and damages sustained by Intervenor were proximately caused by Defendant's negligence. Defendant denies all remaining allegations contained in Paragraph III, sub-paragraph 5 of Original Complaint in Intervention.

7. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph IV, sub-paragraph 6 of Original Complaint in Intervention, and therefore, denies same.

8. Defendant denies the allegations contained in Paragraph IV, sub-paragraphs 7, 8, 9, 10, 11, and 12 of Original Complaint in Intervention.

9. Defendant denies the allegations contained in Paragraph V, sub-paragraphs 13, 14, 15, and 16 of Original Complaint in Intervention.

10. Defendant states that the allegations contained in sub-paragraph 17 of Paragraph VI do not require an admission or denial, but to the extent such is required, Defendant denies same.

11. Defendant denies that Intervenor is entitled to a judgment, actual damages, consequential damages, costs of court, pre-judgment interest, post-judgment interest, exemplary damages, or any other relief prayed for in the prayer of Original Complaint in Intervention.

12. Defendant denies each and every allegation contained in Original Complaint in Intervention not specifically admitted herein.

13. Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

## AFFIRMATIVE DEFENSES

14. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Intervenor's claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs and/or Intervenor in that they failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiffs' and/or Intervenor's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Intervenor which are alleged in Intervenor's petition.

15. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Intervenor's alleged injuries and damages were proximately caused by the negligence of Defendant Gabriel Delgado in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Defendant Delgado's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Intervenor which are alleged in Intervenor's petition.

16. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Intervenor was damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

17. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

18. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Intervenor was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

19. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Intervenor, Defendant Gabriel Delgado, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

20. For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the vehicle in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Intervenor's allegations of damages exceed the scope of those warranties and exclusions.

21. For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the acts of unknown party or parties have proximately caused the accident and/or injuries of the Plaintiffs and/or Intervenor in the negligent replacement of parts and/or component parts of the vehicle including but not limited to the rear axle assembly.

22. For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the Intervenor's claims are barred, in whole or in part, by the applicable statute of limitations.

23. For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the Plaintiffs' and/or Intervenor's claims relating to

DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER AND JURY DEMAND
IN RESPONSE TO INTERVENOR'S ORIGINAL COMPLAINT IN INTERVENTION                                     PAGE 4

breach of warranty are barred by the statute of limitations in that the vehicles was originally purchased in or around 1979.

24. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Intervenor is not entitled to recover any sum, or in the alternative, is allowed to recover no more than actual damages and attorney's fees, for violation of the Texas Deceptive Trade Practices Act, as such violation, if any, resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid the error, if any.

25. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Intervenor's claims are barred, in whole or in part, because Intervenor failed to mitigate the effect of the alleged injuries and damages as required by law.

26. For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

27. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

28. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiffs and/or Intervenor is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

29. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices &

Remedies Code in the unlikely event that liability is established by the Plaintiffs and/or Intervenor in this cause.

30. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Intervenor.

31. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

32. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

33. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

34. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs and/or Intervenor are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

  (a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## JURY DEMAND

34. Defendant continues to request a trial by jury.

WHEREFORE, Defendant Ford Motor Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
   Jaime A. Saenz
State Bar No. 17514859
Federal Admissions No. 7630
Attorney-in-Charge
   Eduardo Roberto Rodriguez
State Bar No. 17144000
Federal Admissions No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

Don Dawson
State Bar No. 05606500
Kathleen A. Clark
State Bar No. 00788830
DAWSON & CLARK, P.C.
2436 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 256-8900

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Ford Motor Company's Original Answer and Jury Demand in Response to Intervenor Margarito Lopez's Original Complaint in Intervention was served upon all counsel of record, to-wit:

Tony Martinez
Martinez & Barrera, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Attorneys for Plaintiffs

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendant Gabriel Delgado

J. Michael Solar
Solar & Associates, L.L.P.
Williams Tower, Suite 6300
2800 Post Oak Boulevard
Houston, Texas 77056-6106
Attorneys for Intervenor Margarito Lopez

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the 30th day of May, 2001.

_____
Jaime A. Saenz

DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER AND JURY DEMAND
IN RESPONSE TO INTERVENOR'S ORIGINAL COMPLAINT IN INTERVENTION

PAGE 8