54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ORTENSIA G. LOPEZ, DECEASED, LUIS AYALA, ISELA RODRIGUEZ AND LEE AYALA, JR., RUBEN RUIZ AND MAURICIO SALDANA | § § § § § § | |
| V. | § § | CIVIL ACTION NO. B-00-139 |
| FORD MOTOR COMPANY AND GABRIEL DELGADO | § § § | |

### DEFENDANT FORD MOTOR COMPANY'S
### MOTION FOR JUDGMENT AS A MATTER OF LAW

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Ford Motor Company, after the Plaintiffs' case, before the case is submitted to the jury, and pursuant to FED. R. CIV. P. 50(a), moves for entry of judgment as a matter of law on each of the claims Plaintiffs assert.

### I.   STANDARD UNDER FED. R. CIV. P. 50(a).

A motion under Rule 50 requires the trial court to determine whether or not the evidence is legally sufficient to submit to the jury. *Johnson v. Bekins Van Lines Co.*, 808 F.Supp. 545 (E.D. Tex. 1992), *aff'd*, 995 F2d. 221 (5th Cir.). The motion should be granted if the facts and inferences are so strongly in favor of the movant that a reasonable jury could not reach a contrary result. *Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir. 1993). A motion for judgment as a matter of law prevents a party should not be forced to gamble on the jury's verdict and then later challenge the sufficiency of evidence on appeal. *House of Koscot Dev. Corp. v. American Line Cosmetics, Inc.*, 468 F.2d 64, 67 (5th Cir. 1972).

Although the court is required to draw inferences favorable to the non-movant, such inferences must be "within the range of reasonable probability." *Love v. King*, 784 F.2d 708, 711 (5th Cir. 1986). When the inference necessary to support the claims is so tenuous that it

AUS:1792657.1
13486.94562

rests merely upon speculation and conjecture, "it is the duty of the court to withdraw the case from the jury." *Id.*

> The standard that governs motions such at this has often been recited:
> [T]he Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions . . . should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict.

*Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969) (*en banc*). This is the standard that governs in a diversity case such as this. *Thrash v. State Farm Fire & Casualty Co.*, 992 F.2d 1354, 1356 (5th Cir. 1993). Except as noted below, the substance of Plaintiffs' claims is controlled by Texas law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). Under that law, Plaintiffs have not presented evidence sufficient to get their claims to the jury.

## II. THERE IS NO EVIDENCE OF A MANUFACTURING DEFECT.

### 1. The proof required.

Proof of a manufacturing defect requires showing that the product as manufactured did not conform to the design intended by the manufacturer. *See, e.g., The Torrington Company v. Stutzman*, __ S.W.3d __, 44 Tex. Sup. Ct. Jour. 225, 234 (Dec. 21, 2000)("A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous."); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997) ("Under Texas law, a plaintiff

has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous.")

In fact, a claim of manufacturing defect assumes that the "product would not have been defective had it conformed to the manufacturer's design specifications." *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 239 (Tex. App. -- San Antonio 1996, writ denied).

Have to show that manufacturing defect existed at the time that it left Ford's hands. *American Tobacco Co. v. Grinnell*, 951 S.W2d 420, 438 (Tex. 1997).

### 2. Plaintiffs' proof fails.

There is utterly no such proof here. McLellan also has no knowledge about what caused the softening of the axle. McLellan testified that the softening was the result of the axle being improperly heated. He admits to not knowing what caused the axle to be improperly heated, but claimed that it was the result of either: (1) improper heat treatment in the Ford plant; or (2) the actions of some other party after it left Ford's control—either at a Ford dealership's maintenance shop or some random mechanic. McLellan testified that there was no way of knowing which of these caused the softness, "with any degree of certainty at all." Instead, he said that any guess as to which was the cause would be nothing but speculation.

He testified that he: (1) has never done or read any tests regarding the heating of this type of steel in an attempt to determine how it could have been softened; (2) does not have any knowledge of how Ford, or any other manufacturer, makes or heat treats the axle; and (3) has never worked in automotive repair.

McLennan's testimony is pure speculation. There is no evidence that the defect existed at time it left the manufacturer's control. Because the Plaintiffs cannot demonstrate through

sufficient evidence the defect existed at the time it left Ford's control, Ford is entitled to judgment as a matter of law.

## II. THERE IS NO EVIDENCE OF A MARKETING DEFECT.

### 1. The proof that the law requires.

To establish a theory of recovery based on marketing defect under Texas law, a claimant must prove that:

(1) a risk of harm is inherent in the product or may arise from the intended or reasonably anticipated use of the product;

(2) the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed;

(3) the absence of a warning and/or instruction renders the product unreasonably dangerous to the ultimate user or consumer of the product; and

(4) there was a causative nexus linking the failure to warn and/or instruct to the product user's injury.

*USX Corp. v. Salinas*, 818 S.W.2d 473, 483 (Tex. App.--San Antonio 1991, writ denied); *see also Williams v. Southern Pac. Transp. Co.*, 804 S.W.2d 132, 138-39 (Tex. App.--Houston [1st Dist.] 1990, writ denied). The existence of a duty to warn or instruct is a question of law. *Joseph E. Seagram & Sons v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991); *Caterpillar Inc. v. Shears*, 911 S.W.2d 379, 383 (Tex. 1995).

### 2. Plaintiffs' proof fails.

For several reasons, Plaintiffs' have failed to prove sufficient evidence to sustain a jury verdict.

First, in order to prove a marketing defect claim, the Plaintiffs must prove that the product was unreasonably dangerous without a warning given the particular end user. Question is not what the ordinary person would do, but rather, what the ordinary intended user. *McLennan v. Amer. Euro Center Corp.*, 245 F.3d 403, 429 (5th Cir. 2001); *Sauder Custom Fabrication v. Boyd*, 967 S.W.2d 349, 350 (Tex. 1998). Because there is no evidence of what warning is necessary for an ordinary end user, the evidence is insufficient as a matter of law and Ford is entitled to judgment as a matter of law.

Second, The evidence is insufficient in this case because Plaintiffs have failed to offer any evidence of the risk/utility of the lack of a warning or their proposed warning. In order to prove that a product was unreasonably dangerous without a warning, the plaintiffs must provide evidence of the risk/utility of the existing design and the proposed warning. *Grenier v. Medical Engneering Corp.*, 234 F.3d 200, 206 (5th Cir. 2001); *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551-52 (5th Cir. 2000). Without any evidence of the risk/utility, the Plaintiffs' claims must fail a matter of law, and Ford is entitled to judgment.

Third, Plaintiffs have failed to prove causation. "Proving causation in a failure-to-warn case has peculiar difficulties." *GMC v. Saenz,* 873 S.W.2d 353, 357 (Tex. 1993). "A plaintiff must show that adequate warnings would have made a difference in the outcome, that is, that they would have been followed." *Id.* In fact, the court in that case rejected comment j because "it is not at all unusual for a person to fail to follow basic warnings and instructions." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 336 (Tex. 1998), *cert. denied,* __ U.S. __, 119 S.Ct.328 (1999). Hence, there would be no presumption here to provide the plaintiffs' proof of causation, even if they had submitted proof of the other elements of this claim.

Fourth, Plaintiffs' marketing claim fails as a matter of law because there is insufficient evidence that the proffered warning was even necessary. Plaintiffs' own expert testified that a reasonable mechanic or person would follow the procedure in the manual, and that the manual had an explicit instruction not to heat the axle. If the dangers of preforming automotive care without following the instructions in the service manual are ordinary and common knowledge within the community of ordinary users, no warning is required. *See McLellan*, 245 F.3d 403, 428 (5th Cir. 2001); *Smith v. Louisville Ladder*, 237 F.3d 515, 521-22 (5th Cir. 2001).

And fifth, even if any warning was required, a warning was given in the service manual. This warning was more inclusive, more available to users (in different languages), and more explicit than the warning proffered by the Plaintiffs. Because a warning was given, the Plaintiffs cannot state a claim for manufacturing defect. Smith, 237 F.3d at 521-22. As such, Ford is entitled to judgment as a matter of law.

### III. MARGARITO LOPEZ'S WRONGFUL DEATH CLAIM IS BARRED BY TEXAS'S 2-YEAR STATUTE OF LIMITATIONS.

Under Texas law, wrongful death claims must be brought within two years after the decedent's death. CIV. PRAC. & REM. CODE § 16.003(b); *Russel v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 348 (Tex. 1992). In the present case, Linda Coy died on May 16, 1998. Margarito Lopez brought his wrongful death claim on or about May 29, 2001--one (1) year after the limitations period had expired. Margarito Lopez's claim is, thus, barred, and Ford is entitled to judgment from Mr. Lopez's claims as a matter of law.

Margarito Lopez has attempted to employ the relation-back doctrine *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 336 (Tex. 1998), *cert. denied,* __ U.S. __, 119 S.Ct.328 (1999). in an attempt to save his untimely wrongful death claim. The relation back doctrine does not apply to the present case.

Amendments to pleadings is a procedural matter to be governed by federal law. *Gifford v. Wichita Falls & Southern Railway Co.* 224 F.2d 374 (5th Cir. 1955) *cert denied* 350 U.S. 895, 100 L.Ed. 787, 76 S.Ct 153 (1955); *Pappion v. Dow Chemical Co.*, 627 F. Supp. 1576 (W.D. La. 1986) (diversity case applying Federal Rule of Civil Procedure 15© and not Texas's relation back statute). This court, therefore, must look to Federal Rule 15© to determine if Margarito Lopez's wrongful death claim relates back to the timely filed survival claim filed by Linda Coy.

Although the relation back of amendments changing plaintiffs is not expressly addressed by Rule 15(c), the Advisory Committee Note following the 1966 amendments make clear that Rule 15© applies to amendments changing plaintiffs as well.
> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15© since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15© toward change of defendants extends by analogy to amendments changing plaintiffs.

FED. R. CIV. P. 15 advisory committee's note.

In light of the language in Rule 15© and the accompanying Advisory Committee Note, courts have read Rule 15© to permit amendments changing plaintiffs to relate back if:

1. the amended complaint arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;
2. there is sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and
3. undue prejudice is absent.

*Fastax v. Flashtax, Inc.*, 162 F.R.D. 530, 533 (S.D. Tex. 1995).

Using these criteria, Fifth Circuit courts have allowed amendments changing plaintiffs where the amendment corrected the name of the original plaintiff and where the new plaintiff was part of the original complaint, but in a different capacity. *Id.* (permitting original plaintiff to amend petition after limitations period had expired to reflect the correct name of the company); *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968) (permitting the mother of a minor to amend petition and include her individual wrongful death claim where mother had been part of the original suit as next friend of the minor plaintiff).

Fifth Circuit courts, however, have adamantly opposed amendments that add new parties not previously involved in the lawsuit. *Pappion*, 627 F.Supp. 1576; *Mathis v. Cotten*, 1998 U.S. Dist. LEXIS 17639 (N.D. Tex. 1998); *Dendinger, et al v. First National Corporation, et al*, 1989 U.S. Dist. LEXIS 8756 (E.D. La. 1989); *Lemasters v. K-Mart, Inc.*, 712 F.Supp. 518 (E.D. La 1989). In *Pappion*, for instance, Pappion's wife attempted to add the wrongful death claims of her ten adult children two years and one month after their father's death--i.e. one month after the limitations period had expired. The court for the Eastern District of Louisiana held that Rule 15© does not allow a plaintiff to amend his or her complaint to add new parties, unless the new parties were in some manner already involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff. 627 F.Supp. at 1581; *see also Williams*, 405 F.2d at 238 (". . . we would have greater difficulty allowing the amendment if we though [sic] it was brought by an entirely unrelated party even though it arose out of the same transaction. . . . [W]hen it comes to a late effort to introduce a new party, something else is added. Not only must the adversary have had notice about the operational

facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.").

The present case is identical to *Pappion*, and Ford should be entitled to judgment of Margarito Lopez's claims as a matter of law.

If this court were to apply Texas's relation back doctrine, the result would be even clearer--Margarito Lopez cannot relate his untimely wrongful death claim to Linda Coy's timely claims.

Under Texas law, the "relation back doctrine" is an exception to limitation statutes that is found in section 16.068 of the Civil Practice and Remedies Code. *Clary Corporation v. Smith*, 949 S.W.2d 452 (Tex.App.--Fort Worth 1997, pet'n denied); *Lochinar Corp. v. Meyers*, 930 S.W.2d 182 (Tex.App.--Dallas 1996, n.w.h.); *Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). It states that:

> if a filed pleading relates to a cause of action, cross action, counterclaim, or defense
> that is not subject to a plea of limitations when the pleading is filed, a subsequent
> amendment or supplement to the pleading that changes the facts or grounds of
> liability or defense is not subject to a plea of limitations unless the amendment or
> supplement is wholly based on a new, distinct or different transaction or occurrence.

In essence, to determine whether an amended petition relates back to the original petition two prongs must be met:

> (a) the cause of action asserted in the first pleading must not have been time barred when filed; and
>
> (b) the amendment must not be based on a wholly new or different transaction.

*Shivers v. Texaco Exploration & Prod., Inc.*, 965 S.W.2d 727, 736 (Tex.App.--Texarkana 1998, pet'n denied), *overruled on other grounds*, 982 S.W.2d 881 (Tex. 1998).

Unlike Federal Rule 15(c), § 16.068 of the Texas Civil Practice and Remedies Code does not address amendments to pleadings that attempt to add new parties. In fact, the general rule in Texas is that an amended pleading <u>adding a new party</u> does not relate back to the original pleading; thus, if the amended pleading was filed after the statute of limitations has run, the new party's claim is barred. *J.G. Boyd's Good Housekeeping Shops, Inc. v. General Securities Service, Inc.*, 483 S.W.2d 826 (Tex.Civ.App.--Waco 1972, n.w.h.) (citing *Stokes v. Beaumont, Sour Lake and Western Ry. Co.*, 339 S.W.2d 877 (Tex. 1960)--Vernon's Ann. Civil Statute, Article 5539b--i.e. the predecessor to CIV.PRAC.& REM.CODE § 16.068--"does not purport to deal with amendments which add, drop or change parties to a suit. . . and, in our opinion, does not bear upon the question before us."); *see also, Cooke v. Maxam Tool & Supply,* Co., 854 S.W.2d 136 (Tex.App.--Houston [14th Dist.] 1993, writ denied) ("the filing of a suit against one party does not toll limitations against another party."); *Cothrum Drilling Co. v. Partee*, 790 S.W.2d 796, 800 (Tex.App.--Eastland 1990, writ denied) ("TEX.CIV.PRAC & REM.CODE ANN. sec. 16.068 (Vernon 1986) permits the amendment of pleadings after the statute of limitations has run to change 'the facts or grounds of liability or defense,' but this section does not authorize the addition of new defendants after the claims against them have been barred by limitation."), *Kirkpatrick v. Harris*, 716 S.W.2d 124 (Tex.App.--Dallas 1986, n.w.h.) ("an amended pleading relates back in time to the superseded pleading, . . .unless a new party is added."), *in accord, Ramos v. Levingston*, 536 S.W.2d 273 (Tex.Civ.App.--Corpus Christi 1976, n.w.h.). This general rule is based on a plain reading of §

16.068. This section does not mention parties. Instead, only facts or grounds of liability and defenses are set forth.

In sum, under Texas's relation back doctrine, the result is even clearer--Margarito Lopez cannot relate his untimely wrongful death claim to Linda Coy's timely claims.

WHEREFORE, Ford prays that this motion be granted and that the Court render a take nothing judgment in Ford's favor and against Plaintiffs as to all their causes of action, as requested above.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170 Fax

By: _____
Eduardo Roberto Rodriguez
Federal Bar No. 1944
State Bar No. 17144000
Jaime A. Saenz
Federal Bar No. 7630
State Bar No. 17514859

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

AUS:1792657.1
13486.94562

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served upon counsel of record, to wit:

Tony Martinez
Benigno (Trey) Martinez
Martinez & Barrera, LLP
1201 East Van Buren
Brownsville, TX 78520

D. Alan Erwin
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, TX 78520

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this \_\_\_\_ day of _____, 2001.

_____
Jamie A. Saenz

AUS:1792657.1
13486.94562