

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

A manufacturer has no duty to warn or instruct about dangers which are known, or should be known, by the average product user. The obviousness of a risk of harm is determined from the perspective of the average product user, not the average person. Here, the average product user is a person making repairs to the vehicle.

SOURCE: *Sauder Custom Fabrication, Inc. v. Boyd*, 967 S.W.2d 349 (Tex. 1998) (the obviousness of a risk is to be determined from the perspective of an average user of the product); RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2 cmt. j states: "In general, a product seller is not subject to liability for failing to warn or instruct regarding risks and risk avoidance measures that should be obvious to, or generally known by, foreseeable product users"; *McLennan v. Eurocopter Corp.*, 245 F.3d 403 (5th Cir. 2001).

GIVEN_____    GIVEN AS MODIFIED_____    REFUSED_____


_____
JUDGE PRESIDING

AUS:1877006.1
31102.94940

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

## FORD'S PROPOSED QUESTION NO. 2₀

Was there: (1) a defect in the warnings or instructions concerning this 1979 Club Wagon Van at the time it left Ford's possession, (2) that was a producing cause of the accident in question?

A **"defect in the warnings or instructions"** with respect to the product means the f failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed. No defect in the warnings or instructions exists if the risk is obvious or generally known by the foreseeable product user. The obviousness of a risk is determined from the perspective of the average user, not the average person.

**"Adequate"** warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of the average user in the circumstances of the product's use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication of the nature and extent of the danger and how to avoid it. A product manufacturer may rely on the professional expertise of the average user in tailoring its warnings and instructions.

An **"unreasonably dangerous"** product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

A product is not in a defective condition, thus not unreasonably dangerous when sold, if the unreasonably dangerous condition is solely caused by a substantial change or alteration of the product after it is sold, and but for which unreasonably dangerous condition the event would not have occurred. **"Substantial change or alteration"** means that the configuration or operational characteristics of the product are changed or altered by affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the intended or foreseeable use of the product. Substantial change or alteration does not include reasonably foreseeable wear and tear or deterioration.

**"Producing cause"** A product is a "producing cause" of harm only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.

Answer "Yes" or "No"

ANSWER: _____

**SOURCE:** **PJC 71.5, 70.5,** modified in four ways:

1.   The first sentence is modified to make clear that this one broad form question is actually submitting two separate issues: defect and causation.

2.   The first sentence from PJC 71.5 is also modified to replace the phrase "defect in the marketing" with the phrase "defect in the warnings or instructions." Ford objects to the use of the term "marketing" defect in this question because that term is misleading, confusing, and is not a correct statement of the law. That term improperly puts the focus on the product's <u>advertising</u>, rather than on the adequacy of the product's warnings and instructions. It implies a claim for breach of warranty rather than a claim for inadequate warnings or instructions.

3.   The last sentence of the paragraph defining "a defect in warnings or instructions" instructs the jury on the duty owed to a sophisticated user. *Sauder Custom Fabrication, Inc. v. Boyd*, 967 S.W.2d 349 (Tex. 1998) (the obviousness of a risk is to be determined from the perspective of an average user of the product); RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2 cmt. j states: "In general, a product seller is not subject to liability for failing to warn or instruct regarding risks and risk avoidance measures that should be obvious to, or generally known by, foreseeable product users." *See also Smith v. Louisville Ladder Corp.*, 237 F.3d 515 (5th Cir. 2001); *McLennan v. Eurocopter Corporation, Inc.* 245 F.3d 403 (5th Cir. 2001) Similar changes are made to paragraph defining "adequate."

4.   The definition of "producing cause" is modified to be more comprehensible.

**GIVEN**_____   **GIVEN AS MODIFIED**_____   **REFUSED**_____

_____
**JUDGE PRESIDING**