United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA COY, Individually, and On Behalf of the Estate of ORTENSIA G. LOPEZ, Deceased, LUIS AYALA, ISELA RODRIGUEZ and LIBRADO AYALA, JR., RUBEN RUIZ and MAURICIO SALDANA, and MARGARITO LOPEZ (Intervenor), vs. FORD MOTOR COMPANY and GABRIEL DELGADO. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-00-139 |

## INTERVENORS' TRIAL BRIEF ON THE STATUTE OF LIMITATIONS ON HIS WRONGFUL DEATH CLAIM

Intervenor Margarito Lopez ("Lopez") files his Trial Brief on the Statute of Limitations on his Wrongful Death Claim as follows:

### I. SUMMARY OF THE ARGUMENT

The Statute of Limitations does not bar Lopez's wrongful death claim. This Circuit recognizes that Tex. Civ. Prac. & Rem. Code § 16.068 ("Section 16.068") applies to Texas state law causes of action. Under Section 16.068, Lopez's wrongful death claim relates back to the filing of the Original Petition (subsequently removed to this Honorable Court) by Linda Coy and other beneficiaries taking upon the death of Lopez's spouse, Ortensia Lopez (the "Original Petition"). The Original Petition was filed less than two years after Ortensia's death, and therefore Lopez's wrongful death claim is not barred by limitations.

## II. ARGUMENT AND AUTHORITIES

### A. This Circuit recognizes the applicability of Section 16.068.

The Fifth Circuit recognizes that a pleading in Federal Court raising Texas state law claims may relate back the original pleading pursuant to Tex. Civ. Prac. & Rem. Code § 16.068. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1156 (5th Cir. 1992 (Tex.)), *cert. denied*, 506 U.S. 1079 (1993). Section 16.068 provides as follows:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

### B. Lopez's wrongful death claim relates back.

#### 1. Interventions relate back just as amended petitions do.

Under Texas law, Interventions relate back to the date of the original petition just as amended petitions do. *Franks v. Sematech, Inc.*, 936 S.W.2d 959, 960-61 (Tex. 1997). Ortensia's surviving children filed the Original Petition in Texas State District Court asserting a wrongful death and survival action less than two years after Ortensia's death. Lopez's intervention relates back to the filing of the Original Petition.

#### 2. There is only one wrongful death action and that action was brought less than two years after Ortensia's death.

The wrongful death statute offers two options, both of which make it clear that a wrongful death claim is *one* action. All of those entitled to take under the statute may bring a claim together. *See* Tex. Civ. Prac. & Rem. Code § 71.004(b) ("The surviving spouse,

2

children, *and* parents of the deceased may bring *the* action...") (emphasis added). If all of the wrongful death beneficiaries are not before the Court, those before the Court bring the action for the benefit of all. *Id.* ("or one or more of those individuals may bring *the* action *for the benefit of all.*") (emphasis added). "[A]n action for wrongful death *is one action*, no matter how many claimants are separately injured by the death." *Christian v. Charter Oaks Fire Ins. Co.*, 847 S.W.2d 458, 460 (Tex. App.—Tyler 1993, writ denied) (citing *Madison Indep. School Dist. v. Kyle*, 658 S.W.2d 149 (Tex. 1983)) (emphasis added). "Our law creates *one* cause of action in which all spouses, children and parents may combine to recover their damages." *Christian*, 847 S.W.2d at 460 (citing Tex. Civ. Prac. & Rem. Code § 71.004 (Vernon 1986)).

Indeed, under the Texas Civil Practice & Remedies Code, the damages awarded for a wrongful death action "shall be divided, in shares as found by the jury in its verdict, among the individuals who are entitled to recover and who are alive at the time." Tex. Civ. Prac. & Rem. Code § 71.010. Therefore, the jury should consider damages incurred by all individuals living and entitled to recover, whether or not they are actually before the Court.

Accordingly, Lopez is more than just a necessary party. Statutorily, Lopez's claims were before the state court the day Ortensia's children filed the wrongful death action less than two years after her death, and before Lopez Intervened in this Honorable Court.

### 3. Lopez's wrongful death claim relates back because it is not based on a new, distinct or different transaction or occurrence.

A filed pleading relates back to the original pleading so long as it "relates to a cause of action" in that original pleading and is not "wholly based on a new, distinct, or different transaction or occurrence," even if the new pleading contains a new cause of action.

3

Tex. Civ. Prac. & Rem. Code § 16.068; *Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 116 (Tex. App.—Austin 1993, no writ). Lopez's wrongful death claim not only "relates to" the "cause of action" in the original pleading filed by Ortensia's children, it is *subsumed within* that cause of action, given that there is only one wrongful death cause of action per decedent. *See, e.g., Christian*, 847 S.W.2d at 460. In addition, Lopez's wrongful death claim is not "wholly based on a new, distinct, or different transaction or occurrence," as his claim, like the claims of the children, arises from the death of the same individual, Ortensia Lopez; therefore, Lopez's wrongful death claim relates back and is not barred by limitations.

Similarly, Lopez's wrongful death claim relates back to the filing of the survival claim in the Original Petition. Linda Coy filed a survival action on behalf of Ortensia's estate less than two years after Ortensia's death. Lopez's wrongful death claim relates back to that filing. A similar issue was addressed in *Bradley v. Burnett*, 687 S.W.2d 53 (Tex. App.—Dallas 1985, no writ). In *Bradley*, the estate's survival action was brought by Margaret Bradley for the death of Troy Bradley. *Id.* Later, a wrongful death action on behalf of Margaret Bradley and the children of Troy Bradley was added *via* a pleading amendment. *Id.* The wrongful death action was held to relate back to the date of the filing of the original petition because it arose from the same transaction or occurrence as the survival action. *Id.* Similarly, Lopez's wrongful death claim relates back to the filing of the survival action by Linda Coy on behalf of the estate of Ortensia Lopez.

4

## III. PRAYER

Accordingly, Lopez respectfully requests that the Court take note of the argument and authorities herein and deny any request by Defendants to in any way strike or dismiss Lopez's claims. Lopez further prays for all further relief to which he is justly entitled.

Dated:     June __, 2001
           Houston, Texas

                                  Respectfully submitted,

                                  MARTINEZ & BARRERA, L.L.P.
                                  1201 E. Van Buren
                                  Brownsville, Texas 78520
                                  Ph. (956) 546-7159
                                  Fax (956) 544-0602

                                  By: _____
                                     Antonio Martinez
                                  State Bar No. 13139000

                                  ATTORNEY-IN-CHARGE FOR
                                  PLAINTIFFS AND INTERVENOR

01010 PCD27495

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to FED. R. CIV. P. 5(b) a true and correct copy of the above and foregoing has been forwarded by Certified Mail Return Receipt Requested, Hand Delivery, Federal Express, Fax, and/or United States Mail, First Class on June 7, 2001 to the following:

Eduardo Roberto Rodriguez
Jaime Saenz
1201 E. Van Buren
P. O. Box 2155
Brownsville, Texas 78520

Jeffrey Roerig
855 West Price Road, Suite 9
Brownsville, Texas 78520

_____
Benigno ("Trey") Martinez