UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 0 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LINDA COY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ORTENSIA G. LOPEZ, DECEASED, LUIS AYALA, ISELA RODRIGUEZ AND LEE AYALA, JR., RUBEN RUIZ AND MAURICIO SALDANA | § § § § § § | |
| V. | § | CIVIL ACTION NO. B-00-139 |
| FORD MOTOR COMPANY AND GABRIEL DELGADO | § § § | |

### FINAL JUDGMENT

The above-entitled action was tried before the Court and a jury, the Honorable Filemon B. Vela, United States District Judge presiding, and the issues having been duly tried and the jury having rendered its verdict on June 8, 2001: See Exhibit "A" attached hereto and incorporated herein for all purposes,

It is hereby ORDERED and ADJUDGED that Plaintiffs Linda Coy, individually and on behalf of the Estate of Ortensia G. Lopez, deceased; Luis Ayala; Isela Rodriguez; Lee Ayala, Jr.; and Margarito Lopez take nothing, that the action be dismissed on the merits. It is further hereby ORDERED and ADJUDGED that costs of court are borne by each party incurring such costs.

Signed this 3rd day of July, 2001.

UNITED STATES DISTRICT JUDGE



COPY

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA COY, ET AL | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-00-139 |
| | § | |
| FORD MOTOR COMPANY & | § | |
| GABRIEL DELGADO | § | |

## DEFINITIONS AND QUESTIONS

"Producing cause." A product or the conduct of a person is a "cause-in-fact" of harm to another only if in the natural and unbroken sequence of events it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.

"Ordinary care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.

"Negligence" means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Proximate Cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.



EXHIBIT A

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

## QUESTION NO. 1

Was there a manufacturing defect in the axle at the time it left the possession of Ford Motor Company that was a producing cause of the occurrence and injury in question?

A "defect" means a condition of the product that renders it unreasonably dangerous. An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the products characteristics.

A product is not in a defective condition, thus not unreasonably dangerous when sold, if the unreasonably dangerous condition is solely caused by a substantial change or alteration of the product after it is sold, and but for which unreasonably dangerous condition the event would not have occurred. "Substantial change or alteration" means that the configuration or operational characteristics of the product are changed or altered by affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the intended or foreseeable use of the product. Substantial change or alteration does not include reasonably foreseeable wear and tear or deterioration.

Answer "Yes" or "No".

Answer: __NO__

2

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

## QUESTION NO. 2

Was there a defect in the marketing of the automobile at the time it left the possession of Ford Motor Company that was a producing cause of the occurrence and injury in question?

A "marketing defect" with respect to the product means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

"Adequate" warnings and instructions means warnings and instructions given in form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the product's use; and the content of the warnings and instructions must be comprehensible to the average user and must convey a fair indication of the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond and which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

Answer "Yes" or "No".

Answer: __NO__

If you have answered Questions 1 or 2 "Yes", then proceed to answer Question 3. Otherwise, do not answer any further questions.

3

Case 1:00-cv-00139  Document 68  Filed in TXSD on 07/03/2001  Page 5 of 8

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

## QUESTION NO. 3

Was Gabriel Delgado negligent and was such negligence a proximate cause of the accident?

(The burden is on a defendant, alleging the defenses of sole proximate cause and comparative responsibility to establish, by a preponderance of the evidence in the case, the claim that Gabriel Delgado was at fault, and that such fault contributed as either the sole or a concurring proximate cause of any injuries and consequent damages which may have sustained.)

Answer "Yes" or "No".

Answer: _____

If you have answered Questions 3 "Yes", then proceed to answer Question 4.  Otherwise, skip to Question 5.

## QUESTION NO. 4

The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The percentage of causation attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found.  The percentage attributable to a person need not be the same percentage attributed to that person in answering another question.

For each person or company found by you to have caused the occurrence, find the percentage of responsibility of those named below.

    a.    Ford Motor Company    _____ %

    b.    Gabriel Delgado    _____ %

              Total    100%

4

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

## QUESTION 5

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ortensia G. Lopez, deceased, for:

a.    Pain and mental anguish.

"Pain and mental anguish" means the conscious physical pain and emotional pain, torment, and suffering experienced by Ortensia G. Lopez before her death as a result of the accident in question.

b.    Medical expenses.

"Medical expenses" means the reasonable expense of the necessary medical and hospital care received by Ortensia G. Lopez for treatment of injuries sustained by her as a result of the occurrence in question.

c.    Funeral and burial expenses.

"Funeral expenses" means the reasonable amount of expenses for funeral and burial for Ortensia G. Lopez reasonably suitable to her station in life.

Answer in dollars and cents, if any:

$ _____

5

## QUESTION NO. 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr. and Margarito Lopez for their respective damages, if any, resulting from the death of Ortensia G. Lopez?

You may consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.   Pecuniary loss.

"Pecuniary loss" means the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr. and Margarito Lopez, in reasonable probability would have received from Ortensia G. Lopez had she lived.

b.   Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., and Margarito Lopez in reasonable probability would have received from Ortensia G. Lopez had she lived.

c.   Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., and Margarito Lopez because of the death of Ortensia G. Lopez.

In determining damages for elements b and c, you may consider the relationship between Ortensia G. Lopez and Linda Coy, Luis Ayala, Isela Rodriguez, Lee Ayala, Jr., and Margarito Lopez, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer in dollars and cents, if any, for:

| | |
|---|---|
| Linda Coy | $_____ |
| Luis Ayala | $_____ |
| Isela Rodriguez | $_____ |
| Lee Ayala, Jr. | $_____ |
| Margarito Lopez | $_____ |

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

6

## QUESTION NO. 7

What sum of money, if paid now in case, would fairly and reasonably compensate Ruben Ruiz for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a. Physical pain and mental anguish.
b. Loss of earning capacity.
c. Disfigurement.
d. Physical impairment.
e. Medical care.

Answer in dollars and cents, if any, for:

Ruben Ruiz          $_____

This Is A True Verdict.

Date June-8-2001    _____
                           Foreperson

United States District Court
Southern District of Texas
FILED

JUN 0 8 2001

Michael N. Milby
Clerk of Court

7